## PEIRCE vs. MORGAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The Criminal Court is without jurisdiction in a suit, on a recognizance taken by it.

This was a motion to dissolve an injunction, by which the process of execution, issued by the Criminal Court upon a recognizance, had been enjoyed by the court of the first district. The ground upon which the injunction was granted, and upon which the plaintiff relied, was, that the recognizance being an obligation for the payment of money, the Criminal Court could not entertain jurisdiction. The court a quo dissolved the injunction, and the plaintiff appealed.

*Hennen,* for appellant.    *Eustis,* for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case, judgment having been entered up (on motion in the Criminal Court of the First Judicial District) against the plaintiff, as surety in a bond or recognizance, for the appearance of an individual, charged with an offence against the state, and the sheriff being about to execute said judgment, the debtor appealed to the District Court and obtained an injunction to stay proceedings against him. This injunction was afterwards dissolved, and he appealed.

The questions presented by the cause, relate to the jurisdiction of the court, established for the trial of crimes and misdemeanors, &c., within the limits of the First Judicial District.

That court was created in the first instance, with jurisdiction extending only to crimes and offences committed within the limits of the city of New-Orleans. (*See* act 7 of 12th *March,* 1818.) By the *act of the third March,* 1819, its jurisdiction was extended by giving to it original and exclusive cognizance of all crimes, misdemeanors and offences, committed by free persons, within the limits of the First Judicial District. These laws have deprived the District Court of the First Judicial District, of all criminal jurisdiction, leaving to it a right to take cognizance of civil suits only.

In examining the present case it is proper to inquire, first, whether it may be considered as a prosecution on account of a crime, misdemeanor or offence, committed against the state ; second, if not, must it be viewed in the light of a civil suit ? And if so, whether the court established for the trial of crimes and offences in the First Judicial District, rightfully took cognizance of it under the powers granted by the laws which established that court.

The judgment rendered in the Criminal Court, as has been already stated, was against a surety in a bond or recognizance for the appearance before that court, of a person charged with a crime. The condition of that instrument not having been complied with, the principal and sureties were legally subjected to pay the penalty, they incurred a loss to that amount, recoverable from them for the use of the state. In legal

process the recognizance was forfeited. But was this forfeiture a consequence of a crime? Certainly not direct and immediate, it was only a remote consequence of the alleged crime, and makes no part of that offence.

Notwithstanding the criminality, which the common law of England attaches to the escape of a person arrested on criminal process; considered as an offence against public justice, it is believed, that a failure to appear according to the conditions of a bail bond or recognizance by the accused, would not constitute an offence against the public, however injurious such conduct on the part of the offender might be in relation to his sureties. The only penalty incurred by a breach of the conditions, is the sum stipulated in the bond, recoverable as a debt due to the state. If the neglect of the accused to appear, in conformity with the obligation imposed on him by his bond, cannot be attributed to him as an offence against public justice, much less can the failure of his surety to produce him in court, be viewed in that light.

The case cited by the attorney general, from *Third Dallas, Respublica of Pennsylvania* vs. *Cobbet,* differs materially from the one now under consideration, both in the rights and privileges claimed by the defendant, and the alleged violation of the conditions of his recognizance. He claimed the privilege of an alien, to have the cause removed to a Circuit Court of the United States, but as the State of Pennsylvania was a party, it was determined, that the Supreme Court of the United States, was the proper tribunal of original jurisdiction in such a suit. It was also decided, that the prosecution carried on against the defendant in that case, was of a criminal nature, and perhaps correctly; being founded on a breach of the conditions of a recognizance for good behaviour, the violation of which, implies an offence against public order and justice.

In relation to the subject of the second inquiry proposed, a just conclusion depends on the provisions of the acts, by which the Criminal Court for the First Judicial District was constituted. As we have already seen, in its original institution its jurisdiction did not extend beyond the limits of the city of

New-Orleans ; but was by a subsequent act of the Legislature, extended to the whole of the First Judicial District.

The first section of the law to establish this court, gives to it the name, style and title of " *The Criminal Court of the City of New-Orleans ;*" its jurisdiction is defined in the seventh section of this law, and also in the first section of the act passed to extend that jurisdiction. The grant of power is similar in each of these acts, except as to the local limitation in the first. The last law, enacted in 1819, declares that the Criminal Court of the City of New-Orleans shall have original and exclusive cognizance of, and shall hear and determine, according to law, all prosecutions upon all crimes, misdemeanors and offences whatever, which have been, or which shall be committed by any free person or persons within the limits of the first judicial district. The ninth section abolishes the jurisdiction of the District and Parish Courts in criminal cases, except in the prosecution of slaves.

It is evident that by these provisions of the acts establishing this court of criminal jurisdiction, no power to try any civil suit is expressly granted. We must, therefore, ascertain whether a grant of such power can be legally implied from any other provisions contained in these laws, (i. e. can it be inferred by logical induction from the expressions of any of the other sections of the acts.) The sixteenth section of the first act declares, that the amount of all fines and forfeitures adjudged by the court shall be paid to the sheriff of the parish of New-Orleans, and shall by him be paid over to the treasury of the state of Louisiana. The fifth and sixth sections of the second act provide for the transfer of causes of a criminal nature from the District and Parish Courts to the court of criminal jurisdiction established by these acts, and also for the transmission of all documents and papers relating to such causes, &c. The fines and forfeitures which may be adjudged by the Criminal Court, limited as it is to prosecutions for crimes and offences against public justice, according to a just interpretation of the sixteenth section of the law which organized it, can have reference only to judgments rendered directly as punishments for such crimes and offences. It may be true

44

that pursuits against sureties, in bail bonds or recognizances for the appearance of persons accused of crimes, take their origin from criminal prosecutions, but the forfeiture arising from the violation of the conditions of these obligations does not render the obligors criminal in the general acceptation of that word. They become simply debtors to the state, and should be pursued as such according to the modes pointed out by law. A pursuit of this nature is not necessarily an incident or accessory to the criminal prosecution ; it is a mere consequence of the latter flowing not directly from it, but from a breach of the conditions of the bond, and resolves itself into a civil suit, and being such, the court of criminal jurisdiction, in consequence of its limited powers, cannot legally take cognizance of it further than to declare the bond or recognizance forfeited, and thereby subject the obligors to be pursued for a recovery of the penalty in a court of civil jurisdiction either by ordinary or summary powers, as may be ordained by law.. The facts which cause a forfeiture can only be ascertained by the court before which the person accused of an offence may be bound to appear for trial, and consequently the clauses in the law to establish the Criminal Court of the first district, which require all documents and papers relating to causes of a criminal nature to be transmitted to that court, were necessary and proper ; but it cannot be justly inferred from them that the legislature intended to confer civil jurisdiction, in relation to these documents, on a court created exclusively for the prosecution of crimes and misdemeanors.

The inconvenience which results from the necessity of transferring to a court of civil jurisdiction bail bonds and recognizances taken in criminal cases, which may have been forfeited, will be felt in no other part of the state except the first judicial district, as all the other District Courts have both criminal and civil jurisdiction. It is an inconvenience, however, that might have been prevented by power to that effect granted in the institution of the Criminal court of this district, and may yet be remedied by legislative interference in according to that court civil jurisdiction in relation to the recovery of debts due to the state on account of forfeitures of bonds and

recognizances taken in any prosecution for offences against public justice, with a right to appeal as guaranteed by the constitution in all cases above three hundred dollars.

EASTERN DIST.
February, 1832.

From this view of the case, we conclude that the Criminal Court was without jurisdiction in rendering judgment against the defendant, in the pursuit against him as surety in the recognizance on which the motion for judgment was based, and that the judge a quo in the present case erred in dissolving the injunction which had been granted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, that the injunction heretofore granted be reinstated and made perpetual, and that the appellee pay costs in both courts.