RIGHTOR. *vs.* KOHN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

RIGHTOR
*vs.*
KOHN ET AL.

| 16 | 501 |
|-----|-----|
| 117 | 804 |

| 16 | 501 |
|-----|-----|
| 118 | 517 |

Where the certificate and act of the notary recites the sale and specifies the title papers to be delivered, and states that, at the request of the vendor, he had delivered them to one of the vendees for himself and co-vendees, who acknowledges the receipt of them, it is sufficient evidence of their delivery on the part of the vendor.

Where the vendor exhibits his titles before the sale, and they are examined and set forth in the act, the vendees cannot set up any other informalities or nullities in them than were specified at the time.

A mere expression of dissatisfaction of the titles which had been exhibited and accepted, will not authorize the vendee to delay payment; and when not evicted, even if he is in danger, it is no reason to withhold payment, if security is offered.

A delivery of the muniments of title to one of several co-vendees, is a sufficient delivery to all of them.

The sale of a tract of land, claimed under a spanish grant or other title, is not void because the United States have refused to confirm it; or where it has been only confirmed in part, if it appears there has been no disturbance.

Where a suit has been brought for the premises and afterwards dismissed, or the plaintiff non-suited, it will not operate a disturbance, so as to authorize the vendee to resist payment.

So, where the vendees sue another for slander of title, or allege the government has sold part of the premises, but no disturbance is shown, it furnishes no ground to resist payment. They can only require security.

Where the vendees affect and mortgage the premises to secure the punctual payment of the price, the vendor has his privilege and mortgage for the payment of any portion of it as it becomes due.

This is an action on several promissory notes against Joachim Kohn, L. Millaudon, Frederick Frey, John Slidell, Henry T. Williams, H. G. Schmidt, and C. F. Zimpel, which they had given for the purchase of a tract of land, known as the "Houmas Grant" situated in the parish of

Ascension, and lying in the rear of three plantations, to wit: Doradon Bringier, François Laville, and the heirs of Wade Hampton, containing ninety thousand four hundred and thirteen superficial arpents; at two dollars and fifty cents for each superficial arpent, making together, two hundred and twenty-six thousand thirty-four dollars; one seventh being sold for cash, and the balance at one, two, three, four, five and six years, from the 17th May, 1836. The vendees purchased different shares or proportions of the whole tract at the above rates, and on the above terms and conditions, for which each gave his promissory notes, and the whole of them joined in the act of sale which reserves a special mortgage and privilege to secure the payment of said notes. The defendants were sued in separate petitions, and the notes of each annexed, in which judgment is prayed on the notes remaining unpaid and protested. The suits were instituted in October, 1839, and on the 4th November, were consolidated.

The defendants set up various defects of title, disturbances, slander of title, and suits for eviction and threatened evictions, in defence and in resistance and delay of payment; and finally prayed for a rescission of the sale.

The material facts of the case are stated and detailed in the opinion of the court, and need not be recapitulated here.

There was judgment against each of the defendants for the amount of the notes signed by him, and which had become due and were protested for non-payment, with interest and costs of protest; but decreeing that no execution should issue until the plaintiff furnished security to the satisfaction of the court, for the *entire price* of the land, against the claims of John M'Donough, in a suit pending on appeal between Millaudon and said M'Donough, for slander of title. All the defendants but Williams appealed.

*Preston* and *Ilsley,* for the plaintiff.

*Eustis,* contra.

*Garland, J.*, delivered the opinion of the court.

EASTERN DIST.
*December*, 1840.

RIGHTOR
*vs.*
KOHN ET AL.

In the month of May, 1836, the plaintiff and wife, by public act, sold to Laurent Millaudon three undivided ninth parts, and to John Slidell, Henry G. Schmidt, Joachim Kohn, Frederick Frey, Charles F. Zimpel and Henry T. Williams, each, one undivided ninth part of a tract of land, containing ninety thousand four hundred and thirteen ninty-four hundredth superficial arpents, being a portion of the tract generally known as the Houmas, situated as is supposed in the parishes of Ascension and Iberville, for the sum of two hundred and twenty-six thousand and thirty-four dollars and eighty-four cents, one seventh of which sum, viz: thirty-two thousand two hundred and ninety dollars and twenty cents was paid in cash, and the remainder to be paid in six equal annual installments.   To secure the payment of the price, the purchasers, each, gave their promissory notes to the plaintiff, viz: L. Millaudon, six notes, each for ten thousand seven hundred and sixty-three dollars and fifty-six and a half cents, and John Slidell, H. G. Schmidt, Joachim Kohn, Frederick Frey, Charles F. Zimpel and H. T. Williams, each gave six notes, each for the sum of three thousand seven hundred and forty-four dollars and fourteen cents, payable as aforesaid.   " In order to secure the full and punctual payment of the aforesaid promissory notes at the respective periods of maturity, the said purchasers affect, mortgage and specially hypothecate the described and sold premises in favor of the vendor, promising and binding themselves not to alienate, incumber or deteriorate the said property, to the prejudice of this mortgage."   The notes of Millaudon, which fell due in May, 1838 and 1839, and those of the other parties which became due in May, 1837, 1838 and 1839, not being paid at maturity, were protested, and this suit brought to recover the amount of them.

The first ground of defence is, that the consideration for which the notes were given has entirely failed, as Rightor had no right or title to the property sold.

Secondly, that various stipulations and conditions were

Eastern Dist.
December, 1840.

RIGHTOR
vs.
KOHN ET AL.

imposed upon plaintiff by the act of sale, which he had not complied with, wherefore, he had no right to demand payment.

Thirdly, that the Houmas grant was never recognized by the government of the United States, on the contrary it had been repudiated by many of the public officers, and land sold within the limits of it and the premises sold to the defendants.

Fourthly, that François Laville, disturbed them in their title and possession of the land by commencing and prosecuting a suit against the plaintiff and these defendants, to rescind the sale made by him to plaintiff, and further, that John M'Donough set up title to a large portion of the land sold, and was prosecuting a suit to recover it.

The plaintiff obtained a judgment against each of the defendants for the respective sums claimed, with interest, and against them jointly and severally for costs; it is also decreed "that said judgments bear vendor's privilege on the property described in the petition." And it is further decreed, that no execution issue on this judgment until the plaintiff shall have furnished security, to the satisfaction of the court, in the sum of two hundred and twenty-six thousand and thirty-four dollars and eighty-four cents, to indemnify them against the claims of M'Donough upon the property sold by the plaintiff to the defendants, in the suit now pending by appeal in this court.

From this judgment all the defendants, except Williams, have appealed.

In addition to the grounds of defence urged in the court below, the defendants, further say, there is error in the judgment in decreeing it shall "bear vendor's privilege on the property described."

Before proceeding to the consideration of the grounds of defence, we have to notice a bill of exception, taken by the defendants to the reception as evidence, of an act which the defendants call a proces-verbal or certificate of J. H. Ilsley, as notary public in the parish of Ascension, stating he had delivered to Williams, one of the purchasers, for and in behalf of himself and his co-vendees, all the title papers stated therein, which papers and muniments of title, Rightor

in the act of sale, had promised to produce and deliver within a stipulated time.

Eastern Dist.
December, 1840.

RIGHTOR
vs
KOHN ET AL.

The first ground of objection is, that the certificate is not the best evidence of the delivery of the papers, and that the notary should have been produced in person to prove what he states. If the act was what the counsel for the defendants contend it is, we should possibly concur with him in opinion, but he has overlooked a few important words at the close of it, which materially affect its character. The notary recites, in the first place, that portion of the sale from plaintiff to defendants, in which he agrees to deliver certain title papers, he then describes the papers and says that at the request of Rightor, he had delivered them to Williams for himself and his co-vendees, who says, he "hereby acknowledges the receipt of the same," and then signs the act in presence of the notary and two witnesses, by whom it is duly certified. We think the district judge did not err, in admitting the act as evidence. It is a receipt given in presence of a notary in due form, and is an authentic act, which he could make and certify.

*Where the certificate and act of the notary recites the sale and specifies the title papers to be delivered, and states that, at the request of the vendor, he had delivered them to one of the vendees for himself and co-vendees, who acknowledges the receipt of them, it is sufficient evidence of their delivery on the part of the vendor.*

The second ground of exception goes to the effect of the act, the judge so says, and leaves it open for argument on the merits.

In deciding upon the merits of this case, we are of opinion the defendants have not shown the consideration of the notes have failed, and in this action, they cannot go into the question whether the title of Rightor and wife was good or not. Previous to the sale the vendors exhibited to the vendees their title papers, they were examined and set forth in the act of sale, such defects as appeared in them were specially pointed out, and the vendors bound to remedy them. If that has been performed, the defendants cannot now set up other informalities and nulleties, as a ground for suspending payment. 8 *Martin, N. S.,* 330; 5 *Louisiana Reports,* 19. They expressed themselves satisfied with the title, and cannot now delay payment by a mere expression of dissatisfaction with it. They have not been evicted by any one, and the danger of it is not a sufficient reason to withhold

*Where the vendor exhibits his titles before the sale, and they are examined and set forth in the act, the vendees cannot set up any other informalities or nullities in them than were specified at the time.*

*A mere expression of dissatisfaction of the titles which had been exhibited and accepted, will not authorize the vendee to delay payment; and when not evicted, even if he is in danger, it is no reason to withhold payment, if security is offered.*

RIGHTOR
*vs.*
KOHN ET AL.

payment, if security for indemnity be given. *Louisiana Code, article* 2535; 7 *Martin, N. S.,* 95.

The second ground of defence depends entirely upon the evidence. Rightor in the act of sale stipulated to release certain mortgages and to furnish various title papers within a fixed time. We have examined the conditions carefully and believe the plaintiff has complied with them fully. He produced to the notary, before whom the sale was passed, a certificate from the proper officer, stating the mortgages " have been duly raised, cancelled and annulled," which was A delivery of by said notary annexed to the act of sale. It appears from the muniments of title to one of the act passed before Ilsley, that the title papers required, several co-ven-dees, is a suffi- have been delivered to Williams, one of the vendees. This cient delivery to the appellants contend, is not sufficient. They say, Wil-all of them. liams was not their agent for receiving those papers, or for any other matter affecting their interests; this may be true, and Williams might say the same of them. He was one of the vendees, and as much entitled to the custody of the title papers as any one of his co-vendees. The plaintiff could not deliver the papers to each of them, nor can each of them have the keeping of them. The appellants know very well where the titles are to be found, and if they think, they are not safe in the custody of Williams, it is in their power to have them deposited in some safe place, where they can have access to them.

The third ground of defence is not more tenable than the The sale of a two first. Whether the Houmas claim has been recognized tract of land, claimed under a by the United States or not, is a question not necessary to be Spanish grant or examined at present. It may be a subject for future discus-other title, is not void because sion and decision. This court held in the case of Bessy *vs.* the U. States have refused to Pintado, that a sale of land claimed under a Spanish grant, confirm it; or is not void because the United States have refused to confirm where it has been only con- it. 3 *Louisiana Reports,* 490. In the case of Guidry *vs.* firmed in part, if it appears there Green, it was held that the purchaser of a tract of land of has been no dis- fourteen hundred arpents, could not refuse payment of the turbance. price, on the ground that the United States, on application, had only confirmed the title to six hundred and forty acres, where it appeared there was no disturbance in the possession

of the remainder. 1 *Martin, N. S.*, 475. It might be, that on presenting further and different evidence, the claim might be recognized for the whole quantity.

The fourth ground of defence is, the defendants have been disturbed in their possession and title of the land sold, by various suits commenced against them. The first is an action commenced by François Laville against the plaintiff and defendants, to rescind a sale which Laville had made to Rightor, of a part of the land, for non-payment of the price. This disturbance is easily disposed of. There was judgment against Laville in this suit, he took an appeal to this court which has been dismissed, and more than one year has expired since the rendition of the judgment. But independent of any consequences that might flow from the state of that case, this court has held, that if an action of disturbance were brought and afterwards dismissed, or the plaintiff non-suited, the vendee could not resist payment of the price. 4 *Martin, N. S.*, 352 ; 3 *Louisiana Reports*, 432.

The appellants further say, they have been disturbed and are in danger of being evicted, by a claim set up by John M'Donough, which case is now pending on appeal in this court. The first remark we have to make in relation to this suit is, it was invoked by the defendants themselves. M'Donough had neither brought suit or disturbed the defendants in any manner, so far as the record informs us, but they sue him, alleging he has no title to the land sold them by the plaintiff, but had slandered their title, which was just and valid ; wherefore, they pray he be compelled to exhibit whatever title he may have, that it be rejected, and he be compelled to pay them fifty thousand dollars damages, for the injury sustained in consequence of the slander of their title. After such a menace and invitation on the part of the appellants, it would have been somewhat unkind in M'Donough not to have set up some claim ; he did so, but with what success remains to be tested hereafter ; all the defendants can require now, is to have indemnity against any eviction hereafter, according to *art.* 2535 of the *Louisiana Code*, which indemnity or security, the court below has ordered to be given, before an

EASTERN DIST.
*December*, 1840.

RIGHTOR
*vs.*
KOHN ET AL.

Where a suit has been brought for the premises and afterwards dismissed, or the plaintiff non-suited, it will not operate a disturbance, so as to authorize the vendee to resist payment.

So, where the vendees sue another for slander of title, or allege the government has sold part of the premises, but no disturbance is shown, it furnishes no ground to resist payment. They can only require security.

Eastern Dist.
*December*, 1840.

RIGHTOR
*vs.*
KOHN ET AL.

execution can issue on the judgment. It is well understood that when a vendee has just reason to fear an eviction, he may require security or indemnity, before he pays the price : 6 *Louisiana Reports*, 221. That indemnity has been ordered in this case, and the defendants cannot complain. They are not bound to pay until the security is given, or the suit with M'Donough decided in their favor.

It is further urged by the appellants, that they fear eviction, and feel uncertain as to their title, because the United States have sold some portion of the Houmas Grant. This we believe to be true, but it does not follow, those sales are necessarily legal, nor is it shown the defendants have been disturbed by any of the purchasers. It has been long settled, that a vendee cannot refuse payment of the price, on the ground that other persons have titles to the land sold him, but who have not disturbed him : 3 *Martin, N. S.*, 111 ; 3 *Louisiana Reports*, 342 and 458.

Where the vendees affect and mortgage the premises to secure the punctual payment of the price, the vendor has his privilege and mortgage for the payment of any portion of it as it becomes due.

The other questions made by defendants are, whether the district judge erred, in decreeing the plaintiff had the vendor's privilege on the land, and whether it operated and effected the whole tract, to secure the payment of each defendant's notes, or whether the separate interest of each defendant is bound to secure his own notes. As to the first question, we have no doubt the district judge was correct in decreeing the plaintiff has the vendor's privilege on the land sold, but as to the manner it is to operate between the parties, the judgment does not decide it, and as we have not been required to amend it, we must leave it as it is. What may be its legal meaning and effect we shall not now decide, as the parties have not placed the question before us in such a mode as will enable us to do so, without anticipating the decision of a question not before us.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.