Lallande v. Lee.

## JOSEPH LALLANDE v. JAMES LEE.

An agreement *sous seing privé* as to the sale of land, may be referred to for the purpose of explaining any ambiguous clause of an authentic act of sale of the same property, subsequently executed by the parties, though it be declared in the latter that the previous agreement was null and void.

The delivery of immovable property is always considered as accompanying the public act which transfers it ; and every obstacle which the vendor may afterwards interpose to prevent the corporeal possession of the buyer, is a trespass. C. C. 2455.

The mere danger of eviction will not authorize a purchaser to withhold the price of the land sold, if security or indemnity be offered by the vendor. C. C. 2535.

APPEAL from the District Court of Point Coupée, *Nicholls*, J.

GARLAND, J. The petitioner sues on two notes of hand for the sum of $3000 each, which were given to secure a part of the price of a tract of land, sold by him to the defendant, as containing eleven and a half *arpents* front on the bayou Maringouin, by a depth of eighty *arpents*. In the act of sale, filed with the petition, a mortgage is retained to secure the price ; and the prayer is for a judgment for the amount claimed, with ten per cent interest, and the execution of the mortgage.

The answer admits the execution of the notes, and the contract of sale and mortgage, but proceeds to allege a diminution in the quantity of land, of more than one twentieth, averring that the tract has not a depth of eighty *arpents*, that the plaintiff never had a title to that depth. and that within the limits of the tract, as it is, much the largest portion, if not the whole of the back concession has been sold by the United States to different individuals. The defendant further says, that he is in great danger of being disturbed, and evicted from a large portion of the land he has in possession, and that he has never been put in possession of the land as sold to him, and that the plaintiff cannot give it to him, as he has no title thereto. He, therefore, prays that the sale may be rescinded and annulled ; the plaintiff compelled to repay the sum of six thousand four hundred and fifty dollars, paid on account of the price, with interest,

and ten thousand dollars for improvements made on the land, and for damages.

The evidence shows that the front part of the tract of land sold by the plaintiff to the defendant, was a portion of a tract conceded by the Spanish government to one Oliveau, having twenty *arpents* front by forty deep, but with lines opening to the rear, so as to make the tract contain considerably more than eight hundred *arpents*. This tract, by mesne conveyances, came into the possession of the plaintiff and one Louis Amazon Hubert, and they applied to the proper land office to purchase an equal quantity in the rear as a back preëmption, the lines opening in the same manner as the side lines of the front tract, and thus give a quantity of 917 21-100. This the Register and Receiver refused to let them do, but said they should only make their entry by parallel lines, so as to give a quantity of about six hundred and seventy-seven acres. This produced some difficulty and delay, and before the matter was adjusted, Lallande sold all his interest in the land, slaves and other property on the plantation to Hubert, in which sale the land is described as having twenty *arpents* front, by eighty in depth. Sometime after this, Lallande repurchased from Hubert, eleven and a half *arpents* front of the same tract on the lower side, with the double depth (*sur la double profondeur*), bounded on one side by the land of said Hubert, and on the other by section No. 86, in township No. 6, range No. 9, which said section belonged to Lallande. This sale is dated on the 27th of November, 1838, after Lallande had, by a private act, agreed to sell to the defendant the said tract of land, in which the land is described in the same manner. On the 21st of December, 1838, the notarial act of sale from the plaintiff to the defendant was passed; and in it the land is described as having "eleven and one half *arpents* in front on the bayou Maringouin, by eighty *arpents* in depth, bounded on one side by the property belonging to Louis Amazon Hubert, and on the other side by *another piece* of land belonging to the present vendor, which said described property belongs to the said Joseph Lallande by means of the purchase he made thereof from the said Louis Amazon Hubert, by an act passed before Alphonse Robin, parish judge," dated November

27th, 1838.    And in this act the plaintiff also transfers and sub-
rogates the defendant to all his rights and actions of warranty,
and otherwise, against all former warrantors and proprietors.
Since the sale from the plaintiff to the defendant, the former,
by some order issuing from the general land office, or some
other authority, has succeeded in his application to be permit-
ted to enter the quantity of land equal to his front tract, by
lines opening to the rear, and has obtained a patent for the
same in his own name, long since the institution of this suit.
In consequence of this, it is impossible for the plaintiff to de-
liver the defendant land to the depth of eighty *arpents,* as one
side line is only about sixty-nine *arpents* in length, and the other
about sixty-six; but the plaintiff says that he has given him an
area or superficial quantity equal to a front of eleven and a
half *arpents* by eighty in depth, which is all that his contract
requires, and that there is an excess of land on the side adjoin-
ing section No. 86, which belongs to him.    The defendant con-
tends that he purchased the whole back concession as well as the
front land, and proves that the land would be of a better quality
if it ran back eighty *arpents.* He also shows that whilst the dis-
pute was pending between the plaintiff and the United States
about the back preëmption, the Register and Receiver in New
Orleans had sold nearly or quite all the land it was claimed to
cover.    The defendant does not show that he has been dis-
turbed by any of those purchasers, nor that any person is con-
testing his possession of any part of the land but the plaintiff
himself.

The plaintiff tendered a bond, with security, in the sum of
ten thousand dollars, the condition of which is, to indemnify
the defendant in case he sustains any loss or damage by a dis-
turbance in his possession or eviction from any part of the
premises; but the bond does not appear to have been accepted
or approved by the court below, and an unconditional judg-
ment was rendered against the defendant, from which he has
appealed.

From the boundaries mentioned in the sales from Hubert to
Lallande, and from him to the defendant, it appears clear to us,
that all the land between the line of Hubert and that of the

Lallande v. Lee.

section No. 86 was intended to be sold and conveyed by the plaintiff to the defendant; and if those acts left any doubt about it, it would be removed by the description given of the land in the agreement to sell, made under private signature on the 3d of November, 1838. That instrument shows conclusively what was meant by the words, "*another piece* of land belonging to the present vendor;" for it in terms says, that the tract is bounded on one side by the Hubert's tract, "and on the other side by a tract of land belonging to said Joseph Lallande, being designated as No. 86, township 6, range 9, according to the plan of the United States' surveyor, deposited at the land office in New Orleans, and as will appear more fully hereafter by a plan which said Lallande binds himself to furnish as soon as he can get the United States' surveyor to attend to the matter." This instrument, the plaintiff's counsel contends ought not to have any effect against him, because, in the authentic act of sale it is said that it is null and void;* but we are of opinion that it may be referred to, for the purpose of explaining any clause of the public act that is ambiguous or doubtful.

Article 2455 of the Civil Code says, that the tradition or delivery of immovable property is always considered as accompanying the public act which transfers it, and every obstacle which the seller afterwards imposes to prevent the corporeal possession of the buyer, is considered as a trespass. The defendant is, therefore, to be considered as in possession of the land from Hubert's line to the line of section No. 86, from the date of his sale; and as he has not been evicted by any one, nor been actually sued, he must pay the price. The mere danger of eviction is not a sufficient reason for withholding the payment, if security, or indemnity be given. Civil Code, art. 2535. 16 La. 505.

The defendant further says, that he is afraid of eviction, and

---

* The authentic act of sale recites: " That all agreements privately made and entered into between the said vender and the said James Lee, concerning the sale of the said land, &c., shall be henceforth null and void, to all intents and purposes, the present sale being the sole binding contract in relation thereto between the said parties."

is uncertain as to his title, because the United States have sold a considerable portion of the land within the limits of the tract sold to him. The same question was raised in the case of *Rightor* v. *Kohn, &c.* (16 La. 508), and we said that "it does not necessarily follow that those sales are legal, nor is it shown that the defendants have been disturbed by any of the purchasers. It has been long settled, that a vendee cannot refuse payment of the price on the ground that other persons have titles to the land sold him, but who have not disturbed him." 3 Mart., N. S. 111. 3 La. 342, 345.

The judgment of the District Court is affirmed, with costs; but no execution is to issue on it, until the bond and security for indemnity tendered by the plaintiff to the defendant, shall be approved and accepted by the said court.

*L. Janin* and *S. L. Johnson*, for the plaintiff.

*Cooley*, for the appellant.