No. 7140.

STATE EX REL. EPHRAIM MAURICE VS. JUDGE OF SUPERIOR DISTRICT COURT.

No legal grand jury for the parish of Orleans nor petit jury for the Superior Criminal Court of said parish could be drawn after April 2, 1878, except from a panel of jurors drawn in accordance with the act of the Legislature passed the said second of April, providing for the drawing of grand and petit jurors.

APPLICATION for a mandamus.

*Charles H. Luzenberg* for relator.

*John J. Finney* for respondent.

The opinion of the court was delivered by

MANNING, C. J. Ephraim Maurice is in prison under an indictment for murder, and moved the Court to set the indictment for trial during the April Term, which was refused by the judge because there was no jury for that term. Thereupon the prisoner applied to this Court for a mandamus to compel the judge to set the case for trial.

The judge answers, that by the Act of April 2 present, a board of jury commissioners was created who supplant those of former laws, who with the sheriff are required to draw not less than seventy names for jurors, whenever a grand jury is necessary, and after its members have been selected, the residue of these seventy names shall constitute the list of petit jurors for the term—that the selection of a grand jury from the panel, drawn by the late commissioners in March for service in April, was deferred because of absence of many of the jurors, for whom attachments were issued, and before the grand jury could be selected, the new law went into effect—and that he can not use that panel for the petit jury now, because a grand jury has first to be drawn under the new law.

The act of the second of this month went into effect from its passage, and repealed all laws in conflict with it, and did not provide that the jurors already drawn by the commissioners under the old law should act, and be a valid jury, for the term or time for which they had been drawn, the new law to the contrary notwithstanding. A saving clause

604          SUPREME COURT OF LOUISIANA,

State ex rel. Maurice vs. Judge of Superior District Court.

like that, or of similar import, would have obviated the difficulty, but since the Act does not contain it, a petit jury can not be drawn for the Superior Criminal court; whenever a grand jury is also needed, until a panel of seventy or more names is made, and from it a grand jury is first selected. This can not now be done for the present month. A new panel, must be formed by the Board of jury Commissioners under the new law, from which the grand and petit juries must be drawn in the manner directed by it.

The prisoner can not be tried in any other mode than by a jury. There is no petit jury for the April term of the court before which he is arraigned, and none can now be drawn for it. His constitutional right to a speedy public trial is recognized, but it must be a legal trial, in and by the forms prescribed by law.

The mandamus is refused.