MONROE, J.
Defendant was prosecuted for retailing spiritous liquor without a license, and gave an appearance bond in the sum of $1,000, which was declared forfeited upon his nonappearance when called for trial. He subsequently, through his attorney, moved to set aside the judgment of forfeiture, on the ground that there had been no order given by the judge fixing the amount of the bond, and he now appeals from an adverse judgment upon that motion. The state moves to dismiss the appeal for want of jurisdiction in this court. The motion must *1035 prevail. Tlie appellate jurisdiction of this court extends to criminal cases in which “the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300 or imprisonment exceeding six months is actually imposed” (Const. art. 85), and this case presents neither of those conditions. It is intrinsically a civil proceeding, and, as the amount involved is less than $2,000, it could be brought before this court by appeal under the jurisprudence, as it stands, only upon the theory that jurisdiction with respect to it would be attracted by appellate jurisdiction vested in this court with respect to the criminal prosecution in which it originated. But neither the punishment of death nor imprisonment at hard labor can be inflicted for the offense charged in the prosecution in question, nor has there been any sentence actually imposed, so that this court is not vested with any appellate jurisdiction whereby the jurisdiction invoked can be “attracted.” Marr’s Cr. Jur. § 214; State v. Williams, 37 La. Ann. 200; State v. Toups, 44 La. Ann. 806, 11 South. 524; State v. Cox, 114 La. 567, 38 South. 456; Society v. Cage, 45 La. Ann. 1394, 14 South. 422.
The appeal is therefore dismissed.