must prevail. The fine imposed on the accused is less than $300, and there is no actual imprisonment exceeding six months. Section 10, article 7, Constitution of 1921.

The appeal is therefore dismissed.

OVERTON, J., recused.

---

(103 So. 825)

No. 27054.

### STATE v. Mrs. M. O. BRITTAIN.

(March 30, 1925.)

Appeal from City Court of Alexandria Ward, Parish of Rapides; J. B. Nachman, Judge.

T. A. Carter, of Alexandria (Overton & Hunter, of Alexandria, of counsel), for appellant. Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and Percy T. Ogden, Asst. Dist. Atty., of Crowley (J. Bernard Cocke, of New Orleans, of counsel), for the State.

THOMPSON, J. For the reasons stated in case No. 27053, State v. This Defendant, 103 So. 824,[1] this court is without jurisdiction of this appeal.

The appeal is therefore dismissed.

OVERTON, J., recused.

---

(104 So. 55)

No. 27045.

### STATE v. BEZETT.

### In re SIGNORELLI.

(March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law &#9901;106—Legislature may change, after accrual of cause of action, method of procedure, and forum by and in which particular cases pending are to be tried.**

    Legislature may change, after accrual of cause of action, method of procedure, and fo-

[1] Ante, p. 308.

rum by and in which particular cases pending are to be tried.

2. **Bail &#9901;77(1)—That bond given during operation of one statute was forfeited under act subsequently enacted held not to invalidate forfeiture proceedings.**

    That appearance bond given under and during the operation of Act No. 76 of 1898 was forfeited under Act No. 103 of 1924, adopted subsequent to execution of bond, *held* not to invalidate forfeiture proceedings.

3. **Bail &#9901;77(2)—Criminal district court of parish of Orleans held empowered to enforce its decree of forfeiture of appearance bond.**

    Under Act No. 103 of 1924, criminal district court of parish of Orleans *held* empowered to enforce its decree forfeiting an appearance bond.

O'Niell, C. J., dissenting.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Proceeding by the State for the forfeiture of an appearance bond given by George Bezett, as principal, and Nicholas Signorelli, as surety. From a judgment setting aside a judgment of forfeiture and enjoining the sale of surety's property, the State appeals. Reversed, injunction restraining sale of surety's property set aside, and the judgment of forfeiture reinstated, with directions.

Percy Saint, Atty. Gen., Robert H. Marr, Dist. Atty., of New Orleans, and Percy T. Ogden, Asst. Atty. Gen., for the State.

Maurice R. Woulfe, of New Orleans, for appellee Nicholas Signorelli.

BRUNOT, J. George Bezett was charged with stealing an automobile. He was released on a $1,500 bond, signed by Nicholas Signorelli as surety. Bezett did not appear for trial and the bond was forfeited. Subsequent to the forfeiture, execution issued on the judgment, and the property of the surety was seized and advertised for sale. On the application of the surety, the court

issued an order to show cause why the judgment of forfeiture should not be set aside and the sale of the surety's property permanently enjoined. On the hearing, the court made the rule absolute, set aside the judgment of forfeiture, and enjoined the sale of the property of the surety. From this judgment, the state appealed.

The surety contends and the trial judge holds that the surety bond was signed while Act 76 of 1898 was in force, and the judgment of forfeiture was set aside on the ground that the method provided by that act for forfeiting bonds was not complied with. In forfeiting the bond in this case the provisions of Act 103 of 1924 were followed. The trial judge also holds that while the criminal district court may forfeit appearance bonds it is without jurisdiction to enforce such forfeiture, and that the enforcement of the forfeiture thereof must be had in the civil district court.

The trial judge erred on both propositions. The forfeiture of the bond is purely a criminal proceeding which is expressly authorized by Act 103 of 1924.

[1, 2] The bond was given while Act 76 of 1898 was in force, but the bond was forfeited after the adoption and promulgation of Act 103 of 1924, and, as is well said in the brief filed by the Attorney General and district attorney:

"The trial judge has lost sight of the fundamental distinction between a law changing the obligations of a contract and a law which changes the remedy for the enforcement of a contract."

In State v. Fourchy, 106 La. 743, 31 So. 325, this court said:

"It is competent for the Legislature to change the method of procedure, and the forum by, and in, which particular cases are pending, or are to be tried, and a party interested has no just cause for complaint merely because such change is made after his right of action, or a right of action against him, arises."

To the same effect are the decisions in State v. Cook, 52 La. Ann. 114, 26 So. 751; Dunning v. West, 51 La. Ann. 618, 25 So. 306; Baldwin v. Bennett, 6 Rob. 309; Scott v. Duke, 3 La. Ann. 253; Hatch v. City Bank, 1 Rob. 501; State ex rel. Maurice v. Judge of Superior Dist. Court, 30 La. Ann. 603.

This court has invariably considered appearance bond forfeitures as criminal matters. It has never based its jurisdiction in criminal cases upon the amount of the bond, but has consistently based it upon the charge in the indictment or information. State v. Dykes, 126 La. 139, 52 So. 245; State v. Shoots, 124 La. 1034, 50 So. 842; State v. Cox, 114 La. 567, 38 So. 456; State v. Williams, 37 La. Ann. 200.

The title of Act 103 of 1924 is as follows:

"To provide the method for the forfeiture of bonds given to secure appearance in the criminal district court for the parish of Orleans."

[3] This act vests in the criminal district court of the parish of Orleans the power of rendering a judgment of forfeiture (a money judgment) against the principal and surety on an appearance bond. The act does not specifically provide a method for the enforcement or execution of the judgment, but as the power to render the judgment is expressly conferred its execution is merely incidental thereto. It cannot be assumed that the Legislature intended to withhold from the criminal district court the power to execute decrees which the act expressly authorizes that court to enter. It may be, that if the unconstitutionality of Act 103 of 1924 was asserted in this case, the contention might present difficulties, but that question is not presented, and we pass it without comment.

The judge of the criminal district court bases his ruling upon Pierce v. Morgan, 3 La. 342, and State v. Toups, 44 La. Ann. 896, 11 So. 524. These decisions were rendered a decade prior to the passage of Act 103 of

1924, but in the case of State v. Toups, this court said:

"The court draws a plain distinction between the power of the criminal court to find and declare a forfeiture of a bond and that of enforcing the judgment of forfeiture once it is rendered. It was the latter alone which the court denominated to be a quasi civil proceeding. But that distinction was based solely upon the absence from the legislative acts drawn in question of any authority conferred upon the criminal court to entertain such proceedings—the court expressing the opinion that this was only a temporary inconvenience which the Legislature could repair, and one which was experienced in no other part of the state, all other courts except the criminal court of the parish of Orleans possessing civil as well as criminal jurisdiction.

"The law in force at that date provided that when a party was regularly called upon his recognizance and failed to appear a judgment nisi or preliminary decree of forfeiture should be entered up in the criminal case, and that in order that same be made final and exigible, a rule must be taken upon the defaulting parties 'to show cause why a final judgment should not be entered up.' State v. Frith, 14 La. 191.

"But the Legislature of 1837 so amended prior statutes in reference to recovery of the amount of bonds and recognizances in criminal cases as to authorize the courts having cognizance of such cases, upon the failure of the parties to respond when called upon, 'to forthwith enter up judgment against both principal and securities in solido, for the full amount of the bond,'" etc. Section 1, Act 104 of 1837.

The last act on the subject is Act 103 of 1924 and the jurisdiction of the criminal district court to render a final judgment of forfeiture against the principal and surety on the bond, in solido, is now placed beyond all question. Inasmuch as there is no statute or law specifically authorizing the enforcement of this judgment by any court, it follows, as a natural sequence, that the criminal district court has the power to enforce its decrees of forfeiture of appearance bonds.

For these reasons the judgment appealed from is reversed, the injunction restraining the sale of the surety's property is set aside, and the judgment of forfeiture is reinstated; and it is further ordered that the property of the surety, seized in this proceeding, be readvertised and sold according to law, to satisfy said judgment of forfeiture, and that the costs of this appeal be paid by appellee.

O'NIELL, C. J., dissents.