CHASEZ, Judge
(dissenting).
I respectfully dissent:
The bonds upon which relator was surety constitute a promise by relator (and the respective criminal defendants in solido) to pay a stipulated amount, if the criminal defendant does not appear when his case is called. Now obviously the Criminal District Court is in an official position to declare whether or not the condition of the bond has been met, and it appears to have been conceded always that the Criminal District Court (or its predecessor) has jurisdiction to declare an appearance bond forfeited — i. e., to enter its official observation of the breach of the condition of the bond, viz., the non-appearance of the defendant. The question of whether or not the criminal defendant appeared (or was excusably absent) is determined by the Criminal District Court, and the only relief for an aggrieved party is by appeal from the Criminal District Court. Most of the jurisprudence relative to bond forfeitures has dealt with the question of where such an appeal lies — to the Appellate Division of the Criminal District Court or to the Supreme Court — and the jurisprudence has established that appeals from judgments forfeiting bonds lie to the Court which would have appellate jurisdiction over the crime (misdemeanor or felony) charged.
But in addition to the judgment of forfeiture, two other steps are involved, namely a money judgment against the criminal defendant and his surety, and execution of the money judgment by fi. fa. In my opinion these functions and especially the rendition of the money judgment, constitute an exercise of civil jurisdiction, and cannot constitutionally be undertaken by the Criminal District Court. I hasten to add that I do not consider it desirable that the Constitution should require the District Attorney to go to the Civil District Court to obtain and enforce a money judgment against the surety; nevertheless the Constitution does, in my opinion, so require. The Louisiana Supreme Court in Peirce v. Morgan, 3 La. 342 (1832), held that civil jurisdiction was essential to so pursue a surety.
In 1832, when Peirce v. Morgan was decided, the Louisiana Constitution of 1812 was in force and Article 4 Section 4 thereof provided “The Legislature is authorized *654 to establish such inferior courts as may be convenient to the administration of justice.” That Constitution made no provision at all in respect to what jurisdiction might be conferred by the Legislature upon such courts as might be established by the Legislature. By acts of March 12, 1818 and March 3, 1819, the Criminal Court of the First Judicial District was created and it was given exclusive jurisdiction of all crimes, misdemeanors and offenses committed within the First Judicial District. In Peirce v. Morgan the Court declared “It is evident that by these provisions of the acts establishing this court of criminal jurisdiction, no power to try any civil suit is expressly granted.” The Court then reasoned :
“ * * * It may be true that pursuits against sureties, in bail bonds or recognizances for the appearance of persons accused of crimes, take their origin from criminal prosecutions, but the forfeiture arising from the violation of the conditions of these obligations does not render the obligors criminal in the general acceptation of that word. They become simply debtors to the state, and should be pursued as such according to the modes pointed out by law. A pursuit of this nature is not necessarily an incident or accessory to the criminal prosecution; it is a mere consequence of the latter flowing not directly from it, but from a breach of the conditions of the bond, and resolves itself into a civil suit, and being such, the court of criminal jurisdiction, in consequence of its limited powers, cannot legally take cognizance of it further than to declare the bond or recognizance forfeited, and thereby subject the obligors to be pursued for a recovery of the penalty in a court of civil jurisdiction either by ordinary of summary powers, as may be ordained by law. The facts which cause a forfeiture can only be ascertained by the court before which the person accused of an offence may be bound to appear for trial, and consequently the clauses in the law to establish the Criminal Court of the first district, which require all documents and papers relating to causes of a criminal nature to be transmitted to that court, were necessary and proper; but it cannot be justly inferred from them that the legislature intended to confer civil jurisdiction, in relation to these documents, on a court created exclusively for the prosecution of crimes and misdemeanors.”
The Court pointed out that the inconvenience resulting from having to apply to a civil court to enforce forfeited bail bonds could be eliminated by a Legislative grant to the criminal court of “civil jurisdiction” in relation to such bond forfeiture. Under the quoted provision of the Constitution of 1812 by which the Legislature was given full authority to create inferior courts there can be no doubt that, while the Constitution of 1812 was in force, cthe Legislature could have granted such civil jurisdiction to a criminal court.
Today the Constitution of 1921 is in effect, and its Article 7, Section 81 confers upon the Civil District Court for the Parish of Orleans “exclusive original civil jurisdiction”. Article 7, Section 83 only grants to the Criminal District Court for the Parish of Orleans original jurisdiction described as “exclusive jurisdiction of the trial and punishment of all crimes, misdemeanors and offenses”. As of 1921 and as of Act 103 of 1924, and as of the 1928 Code of Criminal Procedure, and as of today, the Legislature has no power at all to grant civil jurisdiction to the Criminal District Court for the Parish of Orleans because the Constitution of 1921 grants “exclusive civil jurisdiction” to the Civil District Court for the Parish of Orleans.
The basic holding of Peirce v. Morgan, namely that a court exercises and therefore must possess civil jurisdiction in order to enforce bond forfeitures by seizure under fi. fa., has never been overturned. It has *655 been said, in State v. Toups, 44 La.Ann. 896, 11 So. 524 (1892), that Act 104 of 1837 constituted a Legislative grant of civil jurisdiction previously held lacking in the Peirce case. In 1837, we observe, the Constitution of 1812 was still in force, and the Legislature might constitutionally have granted such jurisdiction. Again in State v. Bezett, 158 La. 309, 104 So. 55 (1925), the Court pointed out that Act 103 of 1924 by its terms constituted a Legislative grant of power to render money judgments on forfeited bonds, and an implied grant of power to execute such money judgments. At that time the Constitution of 1921 was in force but the unconstitutionality of Act 103 of 1924 was not pleaded; nevertheless the Court on its own motion declared:
“ * * * It may be, that if the unconstitutionality of Act 103 of 1924 was asserted in this case, the contention might present difficulties, but that question is not presented, and we pass it without comment.”
The unconstitutionality of the present form of Act 103 of 1924, namely LSA-R.S. 15 :- 108, insofar as it constitutes a grant of civil jurisdiction to the Criminal District Court for the Parish of Orleans is now asserted in this suit.
The exclusive civil jurisdiction in the Civil District Court for the Parish of Orleans granted by Article VII, Section 81 of the Constitution of 1921 would, on proper test, have rendered Act 103 of 1924 invalid insofar as it attempts to vest power in the Criminal District Court to render and execute a money judgment on a forfeited bond; and LSA-R.S. 15:108, insofar as it is sought to be applied for the same purpose in Orleans Parish, is to that extent likewise unconstitutional.
Decisions dealing with appellate jurisdiction over the forfeiture of bail bonds do not present the same question, as was pointed out in State v. Toups, which distinguished Peirce v. Morgan with the comment that it presented “an altogether different question of jurisdiction”. It seems inherently appropriate and necessary that the Criminal District Court should declare the forfeiture of bail bonds, since the condition of the bond is breached in the presence of the Criminal District Court itself when the defendant does not appear, and no legal justification for non-appearance is shown. Because the surety on the bond obliges himself to pay the amount of the bond, in the event the defendant does not appear, the official observance by the Criminal District Court of non-appearance of the defendant, embodied in its judgment of forfeiture, makes the surety’s obligation immediately due. But a money judgment for the amount of that obligation is within the civil jurisdiction given exclusively, in the Parish of Orleans, to the Civil District Court, and cannot constitutionally be rendered by the Criminal District Court, the original jurisdiction of which is exclusively criminal.
The question whether the Criminal District Court’s judgment forfeiting a bond was correctly rendered — perhaps involving questions such as whether proof of the defendant’s physical inability to appear was properly made, or other questions relating to the forfeiture itself — has always been considered appealable under the rules relative to criminal appeals. But we find no case other than' Peirce v. Morgan in which the sole question is the authority of the Criminal District Court for the Parish of Orleans to adjudicate and render a money judgment upon a civil liability.
There is language in State v. Cornig, 42 La.Ann. 416, 7 So. 698 (1890), that “ * * * The forfeiture of the appearance bond, and the judgment and execution thereon, were proceedings springing directly from a criminal prosecution, and were necessarily of the character of criminal jurisdiction.” (Emphasis supplied.) But the opinion shows that the case was an appeal from a judgment forfeiting the bond. In this case, and especially in this Court, we can say nothing about the adjudications of *656 forfeiture for non-appearance, and presumably the Criminal District Court was perfectly correct in holding the bonds forfeited. Here, the plea to the Civil District Court is that the money judgment and fi. fa., out of the Criminal District Court were absolute unconstitutional nullities, and, regardless of the correctness of the judgment forfeiting the bonds, the fi. fa., issued on these money judgments from the Criminal District Court are not entitled to execution, and execution should be enjoined under LSA-C.C.P. art. 2298(4).
I am in agreement with the majority of the Court when in their opinion and concurring opinions they hold that the Courts of Appeal of Louisiana and the Civil District Court of the Parish of Orleans have no jurisdiction whatsoever either appellate or supervisory over Criminal District Courts; but I do not believe that the exercise of appellate or supervisory jurisdiction is necessary in order to decide whether or not a money judgment rendered Ijy the Criminal District Court upon a forfeited bail bond is absolutely null. The relator in this action asserts that the judgments complained of are absolutely null. If relator is correct injunctive relief shall be granted under LSA-C.C.P. art. 2298(4). However, even assuming arguendo that the judgments are valid and relator is not entitled to injunctive relief, which would result in the dismissal of relator’s suit, I do not agree that the Civil District Court did not have jurisdiction to hear it. It is apparent that we cannot hold a suit to enjoin a sheriff’s sale is not a civil matter; and if such an injunction suit is a civil matter we cannot say that the Civil District Court has no jurisdiction to entertain it when our Constitution grants that Court “exclusive origr inal civil jurisdiction in the Parish of Orleans.”
The Supreme Court of Louisiana has held that one district court does have power and jurisdiction to declare another district court’s judgment an absolute nullity, and also has power to declare a judgment of the Supreme Court of Louisiana an absolute nullity. These two questions were squarely decided in Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960).
I conclude that the Civil District Court in this case is in error in denying its own jurisdiction ratione materiae and in maintaining the exception of no cause of action filed by respondents herein.
Therefore, I am of the opinion that the judgment of the Civil District Court should be reversed and set aside in its entirety and that the case should be tried on its merits in the Civil District Court, with proper restraining orders to be issued by that Court, according to law, pending trial.