*KEMP vs. KEMP ET AL.*

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

It does not follow that because the title is canfirmed in the name of a third person, that the right, title, and interest to the land covered by it may not be in the person under whom it is claimed.

Where a party resorts to his action of warranty before a decision of a court of justice is made against him, he assumes and takes upon himself the burthen of proving that the land belongs to another.

On a partition of the succession of Janathan Kemp, a claim to 1280 acres of land, appraised at $2400 in the inventory of the succession, was adjudicated to his widow at its appraised value. This claim had been entered in the office of the land commissioners, as two claims ; one in the name of the deceased, and the other in the name of his son, Caleb Kemp. After the partition, two certificates issued, for 640 acres each—one in favour of the heirs of the deceased, and the other in the name of Caleb Kemp. The issueing of the last mentioned certificate, it was contended by the plaintiff amounted to an eviction, and authorized recourse in warranty against the co-heirs. It was admitted, that the 1280 acres of land was inventoried as the property of the deceased, and that Caleb Kemp was then of age and signed the inventory. The judge charged the jury, that the certificate, granted by the land commissioners to Caleb Kemp, for the claim preferred on his name by his father

Jonathan Kemp, did not amount to an eviction.   There was judgment for the defendants, and the plaintiff appealed.

Eastern District
*March* 1831.

KEMP
*vs.*
KEMP ET AL.

*Ripley*, for appellees, urged the following points

1. The judgment ought to be affirmed, because there was no legal eviction—the certificate of the land commissioners not amounting to one.

2. Jonathan Kemp's title was good to the tract of Caleb Kemp, inasmuch as Caleb Kemp signed the inventory, and thereby confirmed the title of Jonathan Kemp's succession.

*Porter, J.*, delivered the opinion of the court.

This is an action of warranty, arising out of a partition made between the co-heirs of a succession.   The plaintiff alleges an eviction of a tract of land set apart to her.

The cause has been twice tried in the inferior court.   On the first trial, there was a verdict for the plaintiff—the court set it aside, and, on the second, the jury found for the defendant.

In the division of the succession, there fell to the plaintiff's share, two tracts of land of 640 acres each ; the title to which had not then been recognized by the government of the United States.

They have since been acted on, and one of them has been confirmed to the representatives of the estate, the other to a son of the deceased, called Caleb Kemp.

This confirmation of title in his name, it is contended, amounts to an eviction, which authorizes recourse in warranty, against all the parties to the partition.

The judge who tried the cause below, was of a different opinion, and so is this court.   It does not follow, that because the title is confirmed in the name of a third person, that the right, title, and interest, to the land covered by it, may not have been in the ancestor at the time his succession was opened.   Where a party resorts to his action of warranty, before a decision of a court of justice is made against him,

It does not follow that because the title is confirmed in the name of a third person that the right, title and interest, to the land covered by it may not be in the person under whom it is claimed.

Where a party resorts to his ac-

D 2

tion of warranty
before a decision
of a court of jus-
tice is made a-
gainst him, he as-
sumes and takes
upon himself the
burthen of pro-
ving that the land
belongs to another

he assumes and takes upon himself the burthen of proving that the land belongs to another, and is, in truth acting against the title he holds under. He should, therefore, make out a clear case. The court cannot but feel, that he may, peradventure, be setting up claims which those in whose name the right is vested, would not think of asserting. At all events, it is some presumption against their validity, that instead of prosecuting them, they leave the task of enforcing their rights, to a purchaser, from those claiming adversely to them. In the instance before us, the presumption arising from the confirmation in the name of one of the co-heirs, is much weakened, if not entirely destroyed by the fact, that the land said now to belong to Caleb Kemp, was inventoried as the property of the deceased, and that the same Caleb Kemp, then of age, signed the inventory, recognising it as such. Without any explanation, shewing there was error in the confession, or that it was produced by fraud, we cannot say there is a clear case of eviction by an outstanding title, which will supply the place of a judgment in due course of law.

This is our judgment on the facts of the case, and in the supposition that the buyer has a right of action in warranty, before he is evicted by a judgment. But we must remark, that, by the 2538 article of the Louisiana Code, it is very questionable, whether *after payment of the price*, as is the case here, the purchaser can maintain such an action, until a determination against him in due course of law. The article just referred to, declares that he can neither demand restitution of the price, nor security, while the suit is pending, and *a fortiori*, it would seem he should not be permitted to do so, before suit is brought.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.