EASTERN DIST.
March, 1832.

BESSY
vs.
PINTADO ET ALS.

*Trying a cause on a day different from that set for trial is not, per se, such an irregularity as calls for a reversal of the judgment. It is only when it furnishes grounds to believe the parties were not heard, that such a consequence follows.*

*The court cannot decree interest unless it be given by the award.*

_____

**BESSY vs. PINTADO ET ALS.**

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Under the old code it was *eviction*, and not the danger of it, which furnished grounds for an action of warranty.

The sale of land under a Spanish grant is not void, because the United States refused to confirm it, nor does that circumstance amount to an eviction.

Neither does it amount to an eviction, if a survey be made of that portion of the tract which *was* confirmed.

In 1814, the defendants, sold to the plaintiff with full warranty, a tract of land, containing two thousand one hundred and fifty superficial arpents, which was held by the vendors under a Spanish grant.

In 1826, the claim was submitted to the land commissioners, who confirmed the plaintiff's title to only six hundred and forty acres, which they caused to be surveyed. This act, on the part of the government, the plaintiff alleged amounted to an eviction, as to the quantity exceeding six hundred and forty acres. Wherefore, they prayed for a rescission of the sale, with damages, interest, &c.

There was judgment for the defendants in the court below, and the plaintiff appealed.

*Seghers,* for appellant. *Lawrence,* for appellees.

*Porter, J.* delivered the opinion of the court.

This is an action in warranty. The petitioner purchased two thousand and some arpents of land from Pintado and Teyssett. They sold under a Spanish title, and the government of the United States have confirmed the vendee's claim to a portion less than one-half of that acquired, by them, from their vendors.

The question is, whether this failure, hitherto of the general government, to confirm the whole title, amounts to an eviction of the plaintiff, and gives him a right of action?

This question has been several times before the court, and decided in the negative. In the greater number of instances, the title has been in a private person. But in that of *Guidrey* vs. *Greene,* the right to a portion of the property purchased, was shown to be, as in this case, in the United States. We held that the plaintiff could not recover, as he had not been evicted.

We feel in this instance, as we did in that, the inconvenience which the purchaser labors under; but we do not see now, as we could not see then, how, under the law, relief

62

Under the old Code it was *eviction*, and not the danger of it, which furnished grounds for an action of warranty.

could be afforded. This case arose under the old code. An examination of its several provisions, we think, clearly shows that it is eviction, and not the danger of eviction, which furnishes ground for an action of warranty. The buyer, according to the law *at* the time of the contract, which is the law *of* the contract, could not refuse payment, unless suit was commenced against him ; and consequently cannot maintain an action to recover back that which he has paid. *Civil Code*, 354, *arts.* 49–50. *Ibid*, 360, *art.* 85.

The claim, which the United States may hereafter advance to this land, and enforce, cannot be satisfactorily distinguished, as to its influence on the rights of the parties before us, from that of a title outstanding in a private individual. It is true, they may proceed without suit, and perhaps prescription does not run against them. But in the material and important fact, namely that they *have not* evicted the vendee, and that *it is not certain* they ever will evict him, the cases are parallel. Had this suit been instituted before there was any decision by the land commissioners on the title, we suppose a doubt cannot exist that it could not have been maintained. Is the case so materially changed by what has been done in relation to that title, as to enable us to say the vendee has lost the land ? We think not. The vendee's chance of yet obtaining it is no doubt weakened, but destroyed it cannot be said to be. We have had too many proofs of a change of policy in the government of the United States, in relation to the public lands ; too many instances of their liberality, to enable us to say what disposition they may ultimately make of claims, such as that the plaintiff held under. At all events, while he remains in possession, he cannot be said to be evicted, and it is eviction, and not the right in others to evict, which can furnish ground to maintain this action.

The sale of land under a Spanish grant is not void, because the United States refused to confirm it, nor does that circumstance amount to an eviction.

It was contended, the defendants sold nothing. They sold a tract of land embraced within certain limits, for which they had an inchoate title under the Spanish government. Had that government remained in possesion of the country, it is probable they would have obtained a grant for it. Be that,

however, as it may, the sale was not void because the United States refused to confirm it. Sales, under incomplete titles, have been common in Louisiana for the last fifty years, and, perhaps, for a longer time. They have always been considered to pass the land, subject, like all other alienations, to the influence of higher or better titles, if any such exist. This case offers nothing which makes it an exception to the general rule.

The survey of that portion of the tract which the United States confirmed, did not evict the plaintiff. It left him, on the contrary, in whatever possession he theretofore held the remainder of the premises.

. It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.