Martin, J.
The curator is appellant from a judgment by which the petitioner has recovered the sum of $1500, with interest, which she alleges was delivered by her to the deceased to keep. The general issue was pleaded, and the bailment of the money was proved bj7 one witness. The counsel for the defence urges, that none of the other witnesses, from whose testimony corroborating circumstances are attempted to be drawn, state anything that relates to the amount of the bailment, and that the Court of Probates erred in admitting the testimony of the only witness who states the specific sum, and in overruling the exceptions thereto, grounded on the allegation that the demand was founded on a written contract. It does not appear to us that the court erred. The petition does not state any written contract, although it suggests, that the deceased, having been very careful in keeping his accounts, evidence of her demand will be found on his books, or among his papers. This circumstance did not compel her to admit the books and papers of the deceased in evidence; nor can it enable her to resist the admission of testimony against her demand, which is not grounded on any writing.
The Civil Code, art. 2257, requires, that all contracts for the payment of money above $500, shall be proven by at least one credible witness, and other corroborating circumstances. We have here the testimony of one witness, whose credibility is not *112 denied ; and the only question presented for our solution is, whether there results from the testimony of the three other witnesses .introduced by the petitioner, corroborating circumstances sufficiently strong to support the testimony of the only witness who establishes the amount of the demand. We have often said, that the weakest evidence ever received in a court of justice, is the relation by a witness, of a conversation had with an individual dead at the time of the deposition. It might be doubted, though we are not aware that the doubt was ever raised, whether such a relation can be legally received. Confidence in what is spoken under oath, results from the belief, that the witness is restrained from uttering a falsehood, by his apprehension of punishment in the present and the next world. Punishment in this world being more immediate, has, in the opinion of many, more influence on the witness than that in the next, which is more remote, and may be hoped to be averted by repentance, and the indemnification of the party injured. Yet, the witness is not to be sworn if he is shown to doubt that there is another world, in which he is to be called to an account for his misdeeds in the present. A conviction of perjury degrades the culprit from his rank in society, and renders him obnoxious to heavy penalties. Of this, the witness who relates the conversation which he pretends to have had, or who misrepresents, or distorts one which he really had, with an individual now dead, cannot have the least apprehension ; for no conviction of peijury can be had without the evidence of two witnesses. There is, perhaps, ap equal objection to the admission of a witness in either case.
In that now under consideration, the most important point is, the specific sum which the deceased had in his hands, belonging to Remy at the time of the conversation related by the witness. On'this point, the testimony of the latter derives no support from any corroborating circumstance resulting from the depositions of the three other witnesses introduced by the petitioner. With this view of the case, it becomes our duty to remand it for further evidence, in regard to the amount of the demand.
This renders it necessary to examine a bill of exceptions taken by her counsel, to the admission of Marie Postille’s and Pierre Giraud’s testimony, as far as it relates to conversations between *113 them and the deceased, tending to show that he was under no liability to the petitioner. The pretensions of the counsel for the defence are greatly strengthened by our expression of the reasons which have induced us to remand the case ; but the petitioner, who availed herself of the relation of the conversation, in which the deceased established the specific amount of the sum received of her, cannot, with good grace, resist the attempt of the counsel for the defence to give in evidence what the deceased said to the witness introduced against her.
It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and the case remanded for a new trial, the petitioner paying the costs of the appeal.