## ZERINGUE *v.* WHITE.

Where an act of sale refers to a plan as containing a drawing of the land, and the purchaser has possessed in conformity with it, he will be estopped from claiming other boundaries on the allegation that the lines as represented on the plan are not in accordance with the original grant.

Witnesses cannot be examined as to matters of law, which it is the exclusive province of the court to determine.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *L. Janin*, for the plaintiff, appellant: *Benjamin* and *Micou*, for the defendant. The judgment of the court (*King*, J. absent,) was pronounced by

ROST, J. The only question presented by this case is, as to the proper location of a spanish grant, under which the plaintiff claims. The requête expresses the desire of the grantee to establish himself upon a tract of land called " *el Encinal Grande* (Grande Chênière), which forms a sort of island between two lakes, and runs in a direction down the river, distant therefrom about one league, and is cut across by a bayou called bayou of the Little Lake. The requête prays for a grant of sixty arpents in depth on each side of said bayou, with all the front thereon, which may be about eight arpents." The ridge of the Grande Chênière runs

ZERINGUE
v.
WHITE.

in a straight direction for about fifty arpents from the bayou of the Little Lake, at which distance it diverges towards the river, following the sinuosities of another bayou.

The plaintiff contends that, under the calls of the requête, he is entitled to claim all the ridge of high land known as la Grande Chênière, to the extent of sixty arpents from the bayou of the Little Lake. The defendant on the other hand, insists that the plaintiff is bound to protract his side lines straight from the bayou of the Little Lake to the entire depth called for by his title, and should not be allowed to alter the directions of those lines in order to suit the change of direction of the ridge of highland.

It is perceived that the controversy involves the right of the parties to the ridge of the Grande Chênière beyond the depth of fifty arpents from the bayou of the Little Lake. It is admitted that this portion of land is included within the title of the defendant, which is posterior in date to that of the plaintiff.

It is in evidence that, in 1806, the grantee under whom the plaintiff claims, and his wife, to whom he had transferred his rights, caused a survey of his grant to be made by *Barthélemy Lafon*, and that, on this plan, the side lines are protracted without deflection from the bayou of the Little Lake to the depth of sixty arpents. This survey appears to have been made in presence of the adjoining proprietors, and has ever since been recognized by the grantee and his wife, and referred to by them in the subsequent sales they have made. *Guinault*, the immediate vendor of the plaintiff, had acquired with reference to it, and, in his sale to the plaintiff, it is stated, " *que les dites portions de terre sont figurées sur un plan ensuite duquel se trouve un procès-verbal d'arpentage relatif à la totalité de la terre susdite, dressé le 19 Avril, 1806, par feu Barthélemy Lafon alors arpenteur, député par Isaac Briggs, arpenteur général du Territoire sud du Tennessee, et dont une copie est annéxée à l'acte de ses vendeurs.*" This act bears date in 1842.

No actual possession of the land in controversy by the plaintiff being proved, the District court was of opinion that the plaintiff was bound by the interpretation put upon the grant by the orginal grantee and those claiming under him. We concur in this view of the law, and are of opinion that the plaintiff is estopped, by the very sale under which he holds, from alleging that the direction of the side lines, as they are represented in *Lafon's* survey, are not in accordance with the original grant.

On the trial of the cause, the plaintiff offered practical surveyors to prove : 1st. How the concession under which he claims was to be laid down upon the ground. 2d. Whether the calls in that concession were so definite that a competent surveyor could not fail to lay it down correctly. 3d. Whether it is laid down correctly in the plan made by *Phelps ;* and, if not, how it should be laid down. The court, on the defendant's objection, refused to allow those questions to be put, considering that they were matters of law to be determined by the court on the title papers in evidence. The plaintiff took a bill of exceptions.

The District court did not err, in refusing to permit those questions to be answered by the witnesses. The answers would have decided the controversy, which the court alone had power to determine. *Bowman* v. *Flower*, 7 La. 111.

*Judgment affirmed.*