(43 South. 146.)

No. 16,266.

LANPHIER et al. v. ADLER.

(Feb. 4, 1907.)

VENDOR AND PURCHASER—RIGHTS OF VENDEE —DEFECTIVE TITLE.

A purchaser, who has been put in possession of the property bought and paid for by him, who has not been evicted or threatened with eviction, and who neither alleges nor proves the existence of an adverse, paramount title to any part of the property so purchased, has no right to annex other property belonging to the vendor, as the equivalent of a part of that included in his purchase, concerning the title to which he has doubts; nor can he, under such circumstances, obtain a reduction of the price paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 266, 360-363.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Hilda Lanphier and others against Stella Adler. Judgment for plaintiffs, and defendant appeals. Affirmed.

Zachary Adler (Charles Rosen, of counsel), for appellant. Benjamin Rice Forman, for appellees.

MONROE, J. Plaintiffs complain of being disturbed in their possession of the parcel or strip of land indicated by the letters A, C, H, J, on the subjoined plat A, and they pray to be quieted and for damages. Defendant alleges: That, on May 18, 1905, she purchased, at a sale made by virtue of a judgment rendered in the matter of Chas. Forman et al. against B. R. Forman, the following described property, viz.: "A certain piece or portion of ground * * * in the square No. 33 (Bloomingdale), bounded by St. Charles avenue, Benjamin, State and Eleanor streets. Said portion of ground forms the corner of St. Charles avenue and Eleanor street and measures 102′ 8″ 5‴ front on St. Charles avenue by 146′ 11″ 6‴ deep, and front, on Eleanor street, and 174′ 8″ 5‴ deep on the side nearest to State street, and 100′ 1″ 4‴ wide on the rear line. That she is advised that the rear line of the property by her purchased is the line on which the fence complained of [referring to the fence indicated on the plat by the letters B, I] was erected by her. * * * And that the city of New Orleans claims a portion of said property, as dedicated to public use, and should be made party to the suit. Wherefore, she prays that plaintiffs' demand be rejected, and the court fix the lines of the property, or, in the alternative, for a reduction in the price, and that the city be made party." (It may be here stated that an exception filed by defendant, to the effect that the city was a necessary party to the suit, had been overruled, and that beyond the prayer of the answer nothing further was done on the subject.)

The facts, as disclosed by the record, are: That the suit of Chas. Forman et al. against B. R. Forman was a proceeding in which the property described in the answer was sold at auction by order of court, to effect a partition; there having been exhibited at the sale a large parti-colored plan (of which plat A is a sufficiently accurate, though much reduced, reproduction), and the bidders having been given clearly to understand that the lot, as represented on the plan by color, boundary lines, etc., and as indicated on plat A by the letters C, E, F, and H, was the property offered to them. It appears, how-

ever, that, after she had paid for the property and had gone into possession (though how long after is not shown), defendant was advised that the St. Charles Avenue line was farther back towards Benjamin street than as shown on the plan exhibited by the auctioneer, and that it ran, approximately, as represented by the dotted line D, G on plat A. She, accordingly, concluded to annex, to the rear of her lot, a strip corresponding in dimensions with that which she apprehended that she would lose in the event that it should prove that she was correctly informed, and, for that purpose, erected the fence, represented on plat A by the dotted lines B, I, and thereupon this suit was filed. There is no doubt that the deeds by which plaintiffs and their author, one Henry Lindop, acquired the "one-half of square No. 33" (indicated on plat A by the letters A, E, F, and J) called for less depth (from St. Charles avenue to Benjamin street) than does that by which defendant acquired, and, as there seems to be no complaint concerning the line of Benjamin street, and as defendant finds all the depth that her title calls for in the lot C, E, F, H, as represented on the plat, it follows that either there was error of description in the titles by which plaintiffs and their author acquired, or else that, in selling to defendant, plaintiffs assumed that the line of St. Charles avenue was farther from Benjamin street than it had previously been supposed to be. Lindop and plaintiff (B. R. Forman) alike acquired the half square mentioned, as bounded on one side by Nayades street (now called St. Charles avenue), so that, wherever the line of that avenue is found, there we find the boundary of the property.

Some light seems to be thrown upon the subject by the fact that the city of New Orleans, in October, 1883, entered into a contract for the paving of St. Charles avenue with asphaltum, and stipulated that the portion to be paved should be 24 feet, and the sidewalk be 16 feet wide upon that part of the avenue where the property in question is situated, and, subsequently (apparently by reason of misunderstanding with the contractor), by Ordinance 1,052, Council Series, instructed its surveyor to establish "the lines and grades for the street asphaltum pavement on the river side of St. Charles avenue, between Louisiana avenue and the upper limit of the upper City Park," and the line established in accordance with the instructions so given, taken in connection with the stipulation in the contract, that the sidewalk should be 16 feet wide, seems to have been regarded as establishing, at once, the line of the avenue and of the property fronting on it. Matters were in that condition when, in 1885, plaintiff (B. R. Forman) acquired by a description calling for the avenue as one of his boundaries, and, in 1886, went into possession, of the lot designated on plat A by the letters A, E, F, J, the boundaries of which, so far as the avenue is concerned, conform to the line delimited by the city of New Orleans, in the manner heretofore stated; and he so remained until the sale to defendant, when he delivered to her the possession which he had thus enjoyed, which his author is said to have enjoyed, and which defendant has enjoyed, without eviction or disturbance, or threat of either, up to the present time. Under the circumstances thus narrated, it is evident that defendant's position in regard to the strip of land in dispute is untenable, since, even if the lot purchased by her failed, or should fail, to measure in accordance with her title, it does not follow that she can supplement it by taking a piece of an adjoining lot, which, by no reasonable construction, can be said to have been included in her purchase. Nor is she in a position to demand a reduction of the price paid by her, since she has not been evicted or threatened with eviction, and she-

does not now show, or even allege, an adverse and paramount title to any part of the land purchased by her. Zeringue v. White, 4 La. Ann. 301; Simmins v. Parker, 4 Mart. (N. S.) 210; Murray v. Bacon, 7 Mart. (N. S.) 272; Kemp v. Kemp, 2 La. 240; Bessy v. Pintado et al., 3 La. 490; Rightor v. Kohn, 16 La. 505; Pepper v. Dunlap, 9 La. Ann. 141; McDonald v. Vaughan, 14 La. Ann. 716.

There was judgment in the district court in favor of plaintiffs, quieting their possession, but rejecting their claim for damages, as in case of nonsuit, which judgment is: Affirmed.