## No. 10,732.

NICHOLAS ARTHURS VS. GABRIEL VILLERÉ, SHERIFF CRIMINAL DIS-COURT, PARISH OF ORLEANS.

The execution issued by the court which rendered the judgment, to enforce payment, can not be arrested by any other court at the instance of the *defendant* in the *suit*.

The latter must apply, in a proper case, for relief, to the court which condemned him; and, eventually, may seek redress either by appeal, or by invoking the supervisory jurisdiction of the Supreme Court.

The Civil District Court for the Parish of Orleans has no authority to enjoin the Sheriff of the Criminal District Court for the same parish from executing a *fi. fa.*, issued on a money judgment, rendered by the latter court in a criminal prosecution against a surety on a forfeited appearance bond. The injunction granted *in limine* was properly dissolved.

Arthurs vs. Sheriff.

APPEAL from the Civil District Court, Parish of Orleans.
Ellis, J.

*Harry L. Edwards* for Plaintiff and Appellant:

1. An exception of want of jurisdiction *ratione materiæ*, does not fit the case, and is inapplicable to the issue. The points raised by the defendants could only be urged on an exception of want of jurisdiction *ratione personæ*, or of no cause of action, or upon the merits. •

2. An injunction operates *in personam*. A criminal sheriff may be enjoined from doing a particular act to the injury of another, even though he may claim to be acting under a judgment of the Criminal Court. And in such a case, the injunction can not be tortured into being directed to the court, when in fact it is addressed to a person, and in no sense a prohibition upon a legal tribunal. High on Inj., Sec. 44.

3. Courts of equity will restrain by injunction judicial proceedings of courts of law, both before and after judgment. Id., Secs. 44, 57, 60.

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for .Defendant and Appellee:

The opinion of the court was delivered by

BERMUDEZ, C. J. This is an injunction suit.

Its object is to prevent the. sheriff of the Criminal District Court for the Parish of Orleans from executing, by seizure and sale of plaintiff's property, a money judgment rendered by that court against him as surety on a forfeited appearance bond, furnished by him, in a case within the jurisdiction of said tribunal.

The injunction was sought and obtained *ex parte*, from the Civil District Court of the Parish of Orleans.

The defence set up by the sheriff and the City of New Orleans, as beneficiary of the judgment, is, want of jurisdiction *ratione materiæ*. .

The District Judge maintained the exception, dismissed the injunction and rejected the demand. The plaintiff appeals.

The fundamental allegations of the plaintiff are, that the sheriff of the Criminal District Court has illegally seized, in violation and without warrant of law, and is about to sell, the property of petitioner, to satisfy a pretended judgment of said court; that, if there be any law authorizing said sheriff so to act, the same is in violation of the State and Federal Constitutions, which prohibit a citizen from being deprived of his property without due process of law, etc.

The present is not plaintiff's first appearance in this court to seek relief from the judgment again attacked.

Not long since he has tested by appeal the validity of said judgment, pressing, among other defences that the Criminal District Court which rendered it had no jurisdiction to forfeit the bond, and that the judgment to that effect was an absolute nullity.

This court, however, held the reverse, and affirmed the judgment complained of, State vs. Corning, 42 An. 417, the correctness of the ruling in that case being subsequently recognized. 42 An. 640, State vs. Doyle.

The only question now presented is, whether the *Civil* District Court had jurisdiction to arrest the execution of the writ issued by the *Criminal* District Court against the plaintiff, surety on the forfeited appearance bond, to recover from him the amount of the judgment.

However apparent may be the competency of the Criminal District Court to render judgments forfeiting appearance bonds, and condemning sureties therein to pay the amount thereof, and issuing writs to enforce payment, it is unnecessary, as plaintiff would have us to do, to express a formal opinion on the subject. It would be trenching on the merits, which can not be done, as the solitary question involved relates to the power of the Civil District Court to enjoin the sheriff, and practically the Criminal District Court itself, from executing the writ issued against the plaintiff here. The inquiry is, whether the injunction can be allowed by the Civil District Court. If this court has no jurisdiction to grant it, the cause alleged for it can not be inquired into, while if it has, the result is the same, as those merits do not come up here on an exception of *no cause of action*, none having been filed and acted upon.

Looking therefore into the question of jurisdiction, we find that the law, for the purpose of avoiding conflicts of courts, and of securing public order and an harmonious administration of justice, has clearly positively provided on the subject.

It says, in emphatic terms, that the execution of a judgment belongs to the courts by which the cause has been tried. C. P. 617. And that it is for the courts which has rendered the judgment, to take cognizance of the manner of its execution. C. P. 629.

It has therefore become a principle, deeply imbedded in jurisprudence, that the execution of a judgment can be enjoined by *no other court* than that from which the writ was issued. 4 N. S. 490; 2 An.

323, 492; 4 An. 845; 5 An. 644; 13 An. 253; 16 An. 110; 18 An. 339, etc.; 39 An. 791, 182; 40 An. 2.

No doubt there exist exceptional cases in which an injunction may be granted by a court, *not that* which rendered the judgment about to be executed; but in none of those cases has the *defendant* in the suit ever been recognized the right to claim such relief from a *forum*, which was not that which exercised jurisdiction over him, and condemned him. He can not be sentenced by one jurisdiction and be absolved by another.

It is useless to enumerate those exceptional cases. It is enough to observe that injunctions in such instances have been allowed, as a rule, *only to third* parties, not connected with the suit and residing within the jurisdiction of the sister court issuing the process.

It is under that principle, as well as under the provisions of Article 608 of the Code of Practice, that repeated adjudications have settled that the nullity of a judgment *must* be demanded exclusively to the court which rendered it. 8 N. S. 520; 1 L. 21; 12 L. 394; 14 L. 150; 5 R. 284; 7 R. 63; 1 An. 171; 2 An. 492; 10 An. 642: 15 An. 279, 27; 31 An. 100.

Practically, for the purpose of the present controversy, it is immaterial whether the Criminal District Court has or not jurisdiction to render the judgment of forfeiture and to enforce its execution.

If it had jurisdiction, surely the execution of the writ could not have been asserted by the *Civil* District Court which has a *civil* jurisdiction only, which is vested with no supervisory control over the *Criminal* District Court that rendered the judgment, and which, therefore, had no right to interpose its authority. 39 An. 132.

If the Criminal District Court had no jurisdiction, the complainant should have applied to it for redress, and, if he was entitled to relief and the same was denied him, he could not have been left without a remedy. He could have obtained such either by appealing, or in case of urgency, by invoking such conservatory measures as this court, under the Constitution, Art. 90, could allow.

It must be confessed, however, that it can not be perceived how, after the ruling in 42 An. 417, maintaining the jurisdiction of the Criminal District Court in the very litigation, the tenacious plaintiff can do otherwise now than to submit to its consequences.

It follows, from those considerations, that the Criminal District Court has the *exclusive* power of arresting its own process, and that

the Civil District Court in attempting to do so, has exceeded the bounds of its authority; but has correctly ruled in subsequently dissolving the injunction which it had issued.

The following authorities have a bearing on the question at stake and assist in its solution. Const. Art. 130, 140; C. P. 130, 877, 617; R. S. 1032, 1034; Act 141 of 1888, amending the last section; 39 An. 132.

Judgment affirmed.