The plaintiffs in rule, eight in number, were charged by bills of information in the Second District Court, Claiborne Parish, with wilfully and unlawfully keeping for sale alcoholic beverages and intoxicating liquors for beverage purposes, which, it was also charged, "was prohibited by ordinance of the Police Jury of Claiborne Parish".
Each defendant pleaded guilty to the charge against him and was fined by the Court. The fines were promptly paid. A few hours thereafter the judge in open court directed the sheriff to destroy the liquor found in the possession of the defendants respectively, and seized by him at time of search therefor. This action of the Court was objected to by defendants' counsel "on the ground that the property ordered destroyed belonged to the defendants and there was no legal authority for the judge to order its destruction". The matter, by agreement, was held in abeyance until the next term of the court and thereafter the defendants ruled the sheriff to show cause why the liquor should not be delivered to them, or, in the alternative, be sold by him at its market value and proceeds thereof paid over to them. The petition for the rule sets out in detail the history of the cases. The answer of the sheriff is to the effect that he was holding said liquor subject to the Court's order and would dispose of same as the Court directed. The Court held that the liquor should be destroyed and rendered judgment ordering the sheriff to do so. Plaintiffs in rule appealed.
The liquor in question was purchased from licensed dealers in the City of Shreveport where it is lawful to possess and sell the same. It was transported by defendants or for them into Claiborne Parish where the possession thereof for sale has been prohibited by vote of the electors.
The liquor was seized by the sheriff after search of the premises of the defendants without search warrant, but with their consent. This being true, the seizure should be given the same effect as if made under lawful search warrant.
Since the repeal of the Hood Bill, Act 39 of Ex.Sess. 1921, there has not existed in this state any general law that vests authority in a Court to order the destruction of intoxicating liquors illegally possessed or held for sale by the person convicted thereof. This Act, so far as we know, is the only one ever passed by the Legislature of this state carrying such a drastic provision, except the "Blind Tiger" Act, 146 of 1914, as amended by No. 8 of Ex.Sess. 1915, which does authorize the destruction of intoxicating liquor seized after search, under a warrant, in a "Blind Tiger" as defined by the Act. It is not contended nor shown that either defendant was engaged in the operation of a "Blind Tiger".
Act 15 of 1934, Section 13, Paragraph (l) provides the penalty for selling or keeping for sale intoxicating liquors for beverage purposes in any parish, ward, city, etc., where such is prohibited, but goes no further on the subject.
Therefore, no warrant for the Court's action is to be found in expressions of the Legislature dealing specifically with the liquor traffic.
It is contended by appellee that Article 48 of the Code of Criminal Procedure, as amended, is authority for the destruction of the liquor. The Court largely predicated its judgment thereon. This Article is the last of a series under the title "Of Search Warrants", and reads: "When any officer in the execution of a search warrant shall find any property which has been the subject of theft, or shall seize any of the other things for which a search warrant is allowed by the provisions of this title, all the property and things so seized shall be safely kept by the direction of the judge, so long as shall be necessary for the purpose of being produced or used as evidence on any trial; and as soon as may be afterwards all such property which has been the subject of theft shall be restored to the owner thereof, and all the other things seized by virtue of any such warrant, shall be destroyed under the direction of the judge."
Section 42 of said Code deals exclusively with search warrants issued in cases of theft of personal property. It prescribes *Page 566 
the precedent acts necessary to the issuance of the warrant.
Section 43, as amended, contains seven subsections enumerating instances other than in theft cases, in which a search warrant may legally issue. The preamble of this section reads: "Any judge may also, upon like complaint made on oath, issue a search warrant when satisfied that there is reasonable cause, in the following cases, to-wit: * * *."
Here, in order, follow the seven instances referred to, except No. 4, which we summarize, viz.:
The first relates to books, pamphlets, codes, etc., containing obscene pictures, language, figures, etc., tending to corrupt the morals of youth, and intended to be circulated, distributed or sold.
The second relates to lottery tickets and materials for a lottery unlawfully made, etc.
The third deals with gambling apparatus, etc., used in unlawful gambling.
The fifth has to do with marijuana, opium, heroin, and other narcotics illegally possessed.
The sixth embraces machine guns, dirks, guns, pistols and any other weapon that may have been used in the commission of a felony.
The seventh relates to poison drugs and container thereof used in the perpetration of a felony. Destruction of the things mentioned in these instances may be done because the Legislature has so ordained.
The fourth subsection reads: "In all cases in which a magistrate or court may issue search warrants, under any other law of this state providing for the same."
It will readily be observed that provisions of these subsections do not embrace expressly nor do they by implication include liquors of the status of that with which we are dealing.
It is to be noted that article 48 expressly directs that if the officer executing the search warrant shall find any stolen property or shall seize other things "for which a search warrant is allowed by the provisions of this title" he should hold same under the Court's direction until trial of any criminal case resulting therefrom. Property, the subject of theft, it is directed, shall be promptly restored to its owner, "and all the other things seized by virtue of any such warrant" shall be destroyed, etc. The words "all the other things", it seems to us, have reference to things the seizure of which is expressly authorized by article 43.
It was not the legislative intent that the door to cases wherein search warrants would lie should be finally closed with the instances named in the original provisions of the Code of Criminal Procedure, because subsection 5 of article 43 thereof (now subsection 4) declared that such warrants may be issued by a court or magistrate "under any other law of this state providing for the same." The Legislature by Act 241 of 1936 and Act 147 of 1942 added two instances for the issuance of search warrants and repealed tacitly the instance covered by subsection 1 of the original code. But in neither of the additions, nor by subsequent enactment, has the Legislature included intoxicating liquors illegally possessed or held for sale as appears in the present case. Therefore, for the period from the repeal of the Hood Bill to the present time the attitude of the Legislature on the question seems quite clear. It has not seen fit to reenact in whole or part those provisions of the Hood Bill that authorized the destruction of seized intoxicating liquor of the status of that in the present case.
To warrant the destruction of the liquor in this or in any case of the kind the intent of the law that such be done should clearly appear. We feel certain that the law as it presently exists does not warrant the destruction; nor do we think the sheriff should be ordered to sell the liquor and pay over the proceeds to the appellants.
For the reasons herein assigned the judgment appealed from is avoided, annulled and reversed, and there is now judgment in favor of plaintiffs in rule and against defendant in rule, making absolute the rule sued out and decreeing plaintiffs in rule to be the owners of the liquor involved in this case; and, accordingly, the sheriff of the Parish of Claiborne, Louisiana, is hereby ordered to deliver said liquor to said plaintiffs in rule. Costs are assessed against defendant in rule.
 On Application for Rehearing.