HARDY, Judge.
This suit was instituted by plaintiff, as the owner of five mechanical devices known as pinball machines, against the Sheriff of Caddo Parish and the Chief of Police of the City of Shreveport, which officials were alleged to have possession of the machines in question. Plaintiff sought judgment decreeing him to be the owner of the machines and entitled to the possession thereof; alternatively, for the recovery of judgment in solido against the defendants' in the sum of $1,500 as the alleged value of the machines, and further prayed for a permanent injunction against both defendants enjoining, prohibiting and restraining them from confiscating or destroying the described machines. Defendants filed exceptions of no cause and no right of action which, after hearing, were sustained by the trial court, and separate judgments were rendered in favor of each defendant dismissing plaintiff’s suit, from which judgments plaintiff has appealed.
The machines described in plaintiff’s petition were seized under search warrant in a criminal prosecution against plaintiff on a charge of gambling as defined by Article 90 of the Criminal Code, LSA-R.S. 14:90. Plaintiff withdrew a previously entered plea of not guilty, entered a plea of guilty, and, upon waiving delay, was sentenced by the court. Following sentence the district attorney filed the search warrant in evidence and moved the court that the machines described therein be confiscated and destroyed. The motion, over objection by defense counsel, was sustained, and the court ordered the five pinball machines to be confiscated and destroyed by the Sheriff.
The burden of plaintiff’s petition is that the confiscated machines were erroneously classified as gambling devices and therefore the order of confiscation and destruction was illegal.
The exception interposed on behalf of defendants in this case is predicated upon a number of contentions of which we think it necessary to note only those which are, in our opinion, clearly decisive of the issues presented.
Defendants contend that the judgment and order of the Criminal Section of the First Judicial District Court in and for Caddo Parish is not subject to interference or annulment by judgment of the Civil Section of the First Judicial District Court in and for Caddo Parish. We think this contention is valid. Article 617 of the Code of Practice provides as follows:
“The execution of judgments belongs to the courts by which the causes have been tried in the first instance, whether such judgments have been affirmed or reversed on appeal.”
We think the article quoted was clearly interpreted and the question presented us was squarely decided by the Supreme Court in Arthurs v. Villere, 43 La. *459 Ann. 414, 9 So. 126, 127. The court held that the execution of a judgment can be enjoined by no other court than that from which the writ was issued, and specifically declared that a defendant
“ * * * cannot be sentenced by one jurisdiction, and be absolved by another.”
In further connection with this point the opinion of the court stated:
“If it had jurisdiction, surely the execution of the writ could not have been arrested by the civil district court, which has a civil jurisdiction only, which is vested with no supervisory control over the criminal district court, that rendered the judgment, and which, therefore, had no right to interpose its authority. 'State ex rel. Walker v. Judge, 39 La.Ann. 132, 1 So. 437. If the criminal district court has no jurisdiction, the complainant should have applied to it for redress, and, if he was entitled to relief and the same was denied him, he could not have been left without a remedy. He could have obtained such either by appealing, or, in case of urgency, by invoking such conservatory measures * * *. It follows from those considerations that the criminal district court has the exclusive power of arresting its own process * *
The Villere case was followed in Carre v. International Car Co., 128 La. 205, 54 So. 740, and Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955, in which the Supreme Court specifically declared that a criminal court in the exercise of its constitutional jurisdiction cannot be ousted thereof by order of a civil court, which possesses no supervisory jurisdiction.
Unquestionably, the plaintiff in this case, at the time the order of confiscation and destruction of the machines of which he was the owner was entered by the Criminal Section of the Court, could have moved for an appeal from such order, and, if such motion was refused, could have applied for conservatory writs. This action was clearly available and would have afforded a full measure of protection of plaintiff’s rights. Since, however, plaintiff permitted the action to be taken without asserting these rights, we are convinced that he lost the opportunity to seek redress, which could not later be asserted in an entirely distinct forum.
Counsel for defendants further tír'gé that the order issued by the Criminal Section of the District Court is not susceptible of collateral attack. This proposition appears to us to be more in the nature of an extension of the principle above considered than a separate and distinct ground of attack. Nonetheless, we think the position is supported by the provisions of Article 397 of the Code of Practice, dealing with third oppositions, which require that opposition be made before the court which has granted the order of seizure or judgment under which seizure has been effected.
We are so convinced that the reasons above stated conclusively support the ruling of the lower court that we find it unnecessary to consider the other points upon which defendants rely.
It suffices to observe that under our appreciation and understanding of the provisions of LSA-R.S. 15:43(3) and 15:48 the Judge of the Criminal Section of the District Court was under the mandatory duty to order the destruction of the machines seized under the execution of the search warrant. These sections, respectively, authorize the issuance and execution of a warrant to search for and seize any gambling apparatus or implements and require the destruction of such properties so seized, under the direction of the Judge.
It is noted that counsel for plaintiff strenuously argues that the seized machines in the instant case are not subject to destruction, citing in support of this position the holding of this court in Malone v. Sale, La.App., 16 So.2d 564. Our action in the Malone case was predicated upon the conclusion that no legal authorization justified the destruction of the seized alcoholic *460 beverages. Quite to the contrary, in the instant case the statutes provide for the destruction of the machines under seizure, as we. have above pointed out..
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.