YARRUT, Judge.
This matter was submitted after formal hearing on the writ of certiorari and mandamus directed to the judge of Division C, Civil District Court for the Parish of Orleans.
The district judge maintained defendants’ plea to his jurisdiction, ratione materiae, and dismissed relators’ suit, holding that the forfeiture and collection of bail bonds given for the release and appearance for trial of defendants in criminal prosecutions was within the exclusive jurisdiction of the Criminal District Court for the Parish of Orleans. The basic facts concerning this issue are:
Relator, a foreign insurance company, authorized to write bail bonds in Louisiana, filed suit in the Civil District Court to enjoin Jim Garrison, District Attorney for the Parish of Orleans; A. P. Tugpvell, State Treasurer; and Dudley Guglielmo, State Insurance Commissioner from executing 33 writs of fieri facias issued by various judges of the Criminal District Court, directed to the Sheriff of East Baton Rouge Parish, to enforce collection of 33 judgments forfeiting that number of appearance bonds (totalling $70,000.00) signed by relator as surety, resulting from the non *651 appearance for trial of the respective bonded defendants.
The questions here are (1), whether the Civil District Court for Orleans Parish has jurisdiction to enforce or restrain the execution of judgments and orders rendered by the Criminal District Court in the exercise of their criminal jurisdiction; and (2), the constitutionality of the Code of Criminal Procedure regulating the procedure of forfeiture and collection of such bonds by the Criminal District Court. Only in the Parish of Orleans are there separate civil and criminal courts. The Civil District Court has jurisdiction in civil matters only, LSA-Const. Art. 7, Sec. 81. The Criminal District Court has criminal jurisdiction only, LSA-Const. Art. 7, Sec. 83. Neither court has supervisory or appellate jurisdiction over the other.
The procedure for forfeiture and collection of appearance bonds in the District Courts is set out in the Code of Criminal Procedure, LSA-R.S. IS :108, which relator contends is an unconstitutional delegation of authority to these Courts, viz:
“All bonds taken to secure the appearance of any person before any district court, otherwise than at a preliminary examination, shall be forfeited and collected as follows:
“If, at the time fixed for appearance, such person should fail to appear and answer when called, the judge shall, on motion of the district attorney, forthwith enter up judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof.
“If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance-bond, said judgment shall not have been paid, the district attorney shall cause said judgment to be recorded in the mortgage office, of the parish in which said bond shall have been forfeited, and may, at any time, cause said judgment to be recorded in every parish in which he shall think such recordation proper, and every recordation of said judgment shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If said judgment shall not have been paid, it shall be the duty of the district attorney, at the expiration of the time allowed by law for the taking of an appeal, to cause to issue a fieri facias against both the principal and his sureties.
“Any judgment forfeiting an appearance bond rendered under the provisions of this Section may, at any time within thirty days after rendition, be set aside upon the appearance, and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance. As amended Acts 1950, No. 287, § 1.”
LSA-Const. Art. 7, Sec. 10, gives the Supreme Court appellate jurisdiction of all criminal cases in which the penalty of death or imprisonment at hard labor, or a fine exceeding $300.00; or imprisonment exceeding six months, has been imposed. In the Parish of Orleans, criminal cases not appealable to the Supreme Court, are appealable to the Appellate Division of the Criminal District Court. LSA-Const. Art. 7, Sec. 83. Thus, in Orleans Parish, bail forfeitures in felony cases are appeal-able to the Supreme Court, and forfeitures in misdemeanor cases to the Appellate Division of that court.
The Courts of Appeal of Louisiana have no jurisdiction whatsoever, either appellate or supervisory over criminal courts. LSA-Const. Art. 7, Sec. 29.
For the purpose of determining jurisdiction with reference to the forfeiture of an appearance bond in a criminal case, the proceeding to forfeit is deemed a criminal proceeding, and it is the nature of the offense charged that is determinative of *652 the court having' appellate jurisdiction. State v. Cornig, 42 La.Ann. 416, 7 So. 698; State v. Bezett, 158 La. 309, 104 So. 55; State v. Cotton, 162 La. 295, 110 So. 480; State v. Shelton, 227 La. 27, 78 So.2d 498; Frank v. Currie, La.App., 172 So. 843.
Relator cites the case of State v. United Bonding Company of Indianapolis, Inc., 244 La. 716, 154 So.2d 374, in support of its contention that the issuance of a writ based upon a criminal bond forfeiture is a proceeding of a civil nature.
The issue in the United Bonding case was whether the Governor had the right, under his executive pardoning power, to remit to the surety a forfeited bail bond. The court held that the Governor had no such power because such forfeiture was not imposed as punishment for a crime, even though for j.-.isdictional purposes such forfeitures are treated as criminal matters; and approved its holding in State v. Shelton, supra, that an appeal in a proceeding to forfeit a bail bond lies only to the court having appellate jurisdiction of the criminal case in which the bond was given and forfeited.
In view of the above-cited jursprudence neither the Civil District Court, nor this court, has jurisdiction to review the action of the Criminal District Court in forfeiting bail bonds. This court can consider only the question whether the Civil District Court properly rejected jurisdiction.
Relator cites cases to the effect that the civil courts do have jurisdiction to enjoin public officials charged with the enforcement of criminal laws when a property right is involved, irreparable injury will result, and complainant has no adequate remedy in the criminal courts. The cases cited by relator involved public officials acting on their own authority, not pursuant to a final judgment or order of another court of competent jurisdiction; hence, are not apposite here.
Relator’s remedy was to seek relief on any issues involving the legality of the action of the Criminal District Court in the respective divisions of the Criminal District Court for the Parish of Orleans and, in case of an adverse judgment, to apply for relief to the Supreme Court, or the Appellate Division of the Criminal District Court, depending upon the nature of the crime charged against the bonded defendants. Harrold v. Flournoy, La.App., 88 So.2d 457; Carre v. International Car Co., 128 La. 205, 54 So. 740.
All parties and their privies to bail bonds are bound by the judgment of the Criminal District Court until reversed or set aside by the proper appellate court.
While this court cannot adjudicate the constitutionality vel non of the provisions of the Code of Criminal Procedure (cited supra) challenged by relator we think it to be in order to observe now, even if such provisions are ultimately to be held unconstitutional, that LSA-Const. Art. 7, Sec. 2, provides inter alia:
“* * * judges of the Civil and Criminal District Courts in the Parish of Orleans, * * * may also, in aid of their respective jurisdictions, original, appellate, or supervisory, issue * * * all other needful writs, orders and process * *
In State v. Cornig, supra, the Supreme Court said:
“Article 130 of the constitution of 1879, in defining the jurisdiction of the criminal district court for the parish of Orleans, says that it shall have general criminal jurisdiction only. There is no limitation as to its criminal jurisdiction. The forfeiture of the appearance bond, and the judgment and execution thereon, were proceedings springing directly from a criminal prosecution, and were necessarily of the character of criminal jurisdiction. The forfeiture of a bond in a criminal case for the appearance of the accused is not a civil but a criminal procedure, to be tested alone, on a ques *653 tion of jurisdiction, by the character of the crime charged against the accused. State v. Cassidy, 7 La.Ann. 273, 276; State v. Williams, 37 La.Ann. 200; State v. Burns, 38 La.Ann. 363.”
However, as all laws are presumed to be constitutional until annulled by a court of competent jurisdiction, any comment or conclusion by this court anent the constitutionality of the statutes challenged by relator would be ultra vires our jurisdiction and obiter dictum; for which reason we must pretermit such discussion.
The judgment of the district court maintaining defendants’ exception to its jurisdiction ratione materiae is maintained; the order for the issuance of a temporary restraining order is recalled; and the judgment of the district court is affirmed; relator to pay all costs in both courts.
Writ recalled and judgment affirmed.