230 So.2d 861 (1970)
Major POUNDS, Nathaniel Green, and Warren Evans, Individually, and on behalf of all those similarly situated
v.
Harold E. THEARD, Sr., Warden of the House of Detention.
No. 3730.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 1970.
*862 Richard A. Buckley and Robert Glass, New Orleans, for plaintiffs-appellees.
Alvin J. Liska, City Atty., Maurice B. Firedman, Richard C. Seither, and Joseph J. Gendusa, Jr., Asst. City Attys., for defendant-appellant.
Before SAMUEL, REDMANN and BARNETTE, JJ.
REDMANN, Judge.
The warden of the city jail of New Orleans appeals a mandamus ordering him to end racial segregation in cells and cell blocks and in prisoner work squads, and to include for consideration for work petitioners and other prisoners whose sentences bear the notation "double time not permitted", because of which the warden had been refusing to assign work to those prisoners since work ordinarily earns double time against a sentence.

Our Jurisdiction
First we question our own jurisdiction.
Although the parties have ignored it, we feel we cannot ignore the fact that a city ordinance, Code of the City of New Orleans § 50-6, apparently unrepealed and not otherwise abrogated, requires of the work squads that "Each squad shall be made up wholly of white males or wholly of colored males". Part of the judgment appealed from obliges the warden to disregard race in forming squads. We therefore are obliged to inquire whether we have jurisdiction, since if this case is one "in which an ordinance of a * * * municipal corporation * * * has been declared *863 unconstitutional", it is appealable to the Supreme Court, LSA-Const. art. 7 § 10, and not to this court, art. 7 § 29.
The ordinance is nowhere mentioned in the record on appeal. Still, the obvious although unexpressed basis for the trial court's order to, in effect, disobey the ordinance is that such racial segregation, simply on the grounds of race, violates U.S.Const. Amend. XIV; Lee v. Washington, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); see also La.Const. art. 1 § 6 requiring justice administered without partiality. It may fairly be said that since the petition plainly attacks the practice commanded by the ordinance, the trial court's judgment plainly implies that the ordinance is unconstitutional; yet the ordinance is not "declared" unconstitutional by the judgment in express terms.
If the ordinance had been expressly declared unconstitutional and appellant had not argued its constitutionality, the Supreme Court would presumably have treated that issue as abandoned and transferred the appeal to this court, as it did in State ex rel. Chehardy v. New Orleans Parkway Comm'n, 215 La. 779, 41 So.2d 678 (1949). Under the 1958 amendment of art. 7 § 10 that court has jurisdiction over all issues of a case only if the case is "properly appealed" to it on some issue appealable to it. Assuming an implied holding of unconstitutionality might authorize an appeal to and vest jurisdiction in the Supreme Court, we conclude that appellant, who testified he intended to integrate anyway, has waived any entitlement to argue the constitutionality of the ordinance, and has not "properly appealed" and now cannot appeal that issue to the Supreme Court, and we therefore have jurisdiction over all other aspects of the case.

Exceptions
Second, we consider the various overruled exceptions which appellant argues should have been maintained.
Lack of jurisdiction of the subject matter is claimed on the theory that petitioners' prime complaint is against the notation on their sentences disallowing early release, and that this action is really an attempt to set aside an allegedly illegal sentence of the Municipal Court, over which the Criminal District Court has the appellate jurisdiction, Const. art. 7 § 94; see also LSA-C.Cr.P. art. 882. This exception was properly overruled because (the question of entitlement to early release having been eliminated from the case by maintaining another exception) the legality of the sentence is not relevant to the remaining questions presented by the petition, namely whether the notation justified the warden's refusing to allow petitioners to work, and whether racial segregation existed and was to be ended.
For the same reason the exceptions objecting to lack of jurisdiction over the person of, and nonjoinder of, the Municipal Court judge were correctly overruled. That judge and his sentence have no legal relation to the matters decided against appellant by the district court.

Merits
Third we treat the merits of the matter.
Appellant's only argument on the desegregation mandamus itself is that mandamus should not lie because he is as of this time affording the relief sought. But the facts as of this time are not in the record, and this argument is thus not supported by the record. Appellant was the sole witness. He testified the work squads and floors of cells were completely segregated, although he had begun a cautious process of desegregating by ordering his personnel to allow seating in the inmates' dining room regardless of race, and had had briefly some racially mixed work groups in the kitchen and staff dining room. Thus the appellant admits virtually complete segregation, in spite of his stated *864 intention to effect operation of the facility wholly disregarding race.
We therefore reject appellant's contention that the allegation he has since afforded compliance with the trial court's order entitles him to the annulment of the order.
The judgment appealed from also ordered the warden to provide work for plaintiffs and others in their class because of the language of Mun.Code § 50-7, "All persons * * * sentenced to imprisonment * * * shall be required * * * to labor every day * * *," unless physically unfit.
The warden's position was that anyone who could not have the early-release benefit of work under Mun.Code § 50-13 should not be made to work. Sometimes, he testified, there was not enough work for all prisoners. Plaintiffs counter they can never arrive at the point of asserting their entitlement to early release for work, if they are never allowed to work; and further argue that work is preferable to stark confinement, and in any case the warden has a mandatory duty under the Code to give them work.
We believe Code § 50-7 does not intend to deprive the warden of all discretion, but intends only to deprive prisoners of any right to elect whether or not to work. There may be security reasons or other reasonable causes which would warrant the warden's excusing labor. But in the absence of such reasons or causes the warden has no discretion to refuse to assign a prisoner to work on the same basis as other prisoners merely because the warden believes (rightly or not) the early release benefit is not available.
The judgment appealed from is therefore affirmed.
Affirmed.