REDMANN, Judge.
Plaintiff appeals from the dismissal by the Orleans Parish Civil District Court, *33 on exception to its jurisdiction, of plaintiff’s suit to enjoin execution under fi. fa. by the Orleans Criminal District Court of its judgments forfeiting bail bonds signed by plaintiff as surety.
Plaintiff asks us to overrule our decision in United Benefit Fire Ins. Co. of Omaha, Neb. v. Garrison, 166 So.2d 650 (La.App.1964), an identical suit in which we refused, with one dissent, to afford the requested relief.
Even if we were to assume the correctness of that dissent’s view that the Criminal District Court has no jurisdiction to render and execute money judgments, we still view as absolutely intolerable that one court, having neither appellate nor supervisory jurisdiction over a second court, should attempt to interfere by injunction against the second court with that court’s operation of what it deems, rightly or wrongly, to be its business.
If the Civil District Court can enjoin the Criminal District Court, perhaps the Criminal District Judge could imprison the Civil District Judge for contempt or conspiracy.
It is true that Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960), held one district court had the power to determine a claim of absolute nullity of another district court’s judgment, even after its af-firmance by the supreme court on appeal, when a plaintiff urged the nullity because the earlier judgment would have defeated plaintiff’s principal demand. The Tracy case also noted that a defendant may plead in any court the nullity of a judgment there sought to be executed against him.
Appellant here is in neither position. It makes no separate principal demand against which the judgments in question constitute a defense. Nor are those judgments sought to be enforced against appellant in the Civil District Court.
Furthermore, it is one thing for a court to merely hold null another’s judgment, and quite a different thing for one court to enjoin another. Holding a court’s judgment null is merely to ignore it; enjoining the court is telling it how to conduct its business, which function belongs only to a court with appellate or supervisory jur-isdictioh.
The Civil District Court correctly held it has no such jurisdiction over the Criminal District Court, and the judgment appealed from is accordingly affirmed.
Affirmed.