REDMANN, Judge.
Louisiana law provides that all “fines and forfeitures” collected in Orleans criminal cases shall be paid to the district attorney. La.R.S. 15:571.11(D). Plaintiff district attorney alleges that defendant judges (not all of the judges) of the Criminal District Court have imposed, as part of a criminal sentence or as a condition of probation, payments into the “Appellate Process (Support) Fund” (created by a divided court en banc to meet certain expenses of the court). Defendant sheriff -collects those payments and “has been ordered by the defendant judges to pay the proceeds” to defendant judicial administrator of the Criminal District Court.
Plaintiff seeks to enjoin defendant judges from continuing to impose “special fines under the guise of” payments to the Appellate Process Fund; to enjoin defendant judicial administrator to deliver the funds he holds to plaintiff (or, alternatively, to the state treasurer); and to enjoin defendant sheriff to deliver to plaintiff (as part of “fines and forfeitures” within R.S. 15:471.-11(D)) any payments to the Appellate Process (Support) Fund imposed upon criminal defendants and collected by the sheriff. Alternatively, plaintiff asked a declaratory judgment that defendant judges’ “imposing a special fine, or a payment of money as a condition of probation in criminal cases, to be paid to the Appellate Process (Support) Fund, or related funds, [is] illegal.”
The Civil District Court dismissed for want of jurisdiction. We affirm as to the defendant judges and reverse as to defendant sheriff and judicial administrator.
The Criminal District Court judges’ sentences or conditions of probation in individual criminal cases are not subject to control by the Civil District Court. Nor can the Civil District Court oblige the judges of the Criminal District Court to defend their sentencing or probation practices. Those acts are the acts of the court. It matters not that a fine or a probation payment is insufficient or excessive as a penalty for the crime involved, within the *252 limits of the law or not, payable to the sheriff or to the judge personally, for some described purpose or not: the sentence or the probation condition is the act of the court and not of the judge as an individual citizen in an unofficial capacity.
The Civil District Court has no appellate jurisdiction except in certain cases from the City Courts of New Orleans; R.S. 13:1137. It therefore has no authority to review acts of the Criminal District Court. Arthurs v. Villere, 1891, 43 La.Ann. 414, 9 So. 126. The Civil District Court may not order the business of the Criminal District Court; Maryland Nat. Ins. Co. v. Garrison, La.App., 4 Cir. 1970, 233 So.2d 32, writ refused 256 La. 251, 236 So.2d 30. Indeed the only jurisdiction that the Civil District Court has is civil, R.S. 13:1137, and for that reason also the Civil District Court has no power to adjudicate, not even in a declaratory judgment, the propriety of criminal sentencing practices. We therefore affirm the judgment rejecting any pretense to jurisdiction over the judges of the Criminal District Court in their exercise (proper or not) of the exclusive jurisdiction of their court (R.S. 13:1336) over criminal offenses. It is on that basis that the judgment dismissing the judges is correct, and not — as plaintiff has suggested — because of any misplaced theory of judicial immunity.
The only similar obstacle to the Civil District Court’s jurisdiction over the sheriff and the judicial administrator of the Criminal District Court is the limitation of the Civil District Court’s jurisdiction to civil matters. The merits of the present matter involve the question whether the payments to the Appellate Process (Support) Fund are fines or forfeitures within R.S. 15:571.11(D) (a question decided by State v. Rugon, La. 1977). This question arises as a sequel to criminal cases in which the payments have been imposed, but that circumstance does not place the question beyond the jurisdiction of a civil court. (Even the housing of prisoners has been treated as a civil matter; Pounds v. Theard, La.App., 4 Cir. 1970, 230 So.2d 861.) While such a question might arise in a criminal case against the sheriff or judicial administrator for malfeasance in office (R.S. 14:134), it may also arise in a civil suit to enjoin those officers to deliver such payments to the district attorney. The case here against the sheriff and the judicial administrator— whatever its merits — is a civil suit, seeking civil remedy. The Civil District Court has jurisdiction over the demands against these defendants.
Affirmed as to defendant judges; reversed as to defendant sheriff and judicial administrator.