TERRI F. LOVE, Judge.
_JjThe instant case arises out of judgments of bail bond forfeitures issued by Orleans Parish Criminal District Court. American Bankers Insurance Company (“ABIC”) sought to nullify the judgments of bond forfeitures and garnishment proceedings in Orleans Parish Civil District Court, rather than in Criminal District Court where the judgments were originally issued. The trial judge in Civil District Court determined that it lacked subject matter jurisdiction as to ABIC’s petitions for nullity and granted the State’s declina-tory exception for lack of subject matter jurisdiction pursuant to La. C.C.P. Art. 925(6). On appeal, ABIC argues that the trial court judge erred in granting the State’s declinatory exception because the basis for ABIC’s nullity action is civil in nature and subject to civil proceedings. We find that the trial court judge did not err in granting the State’s exception for lack of subject matter jurisdiction in that Louisiana statutory law and jurisprudence indicate that while a bail bond forfeiture proceeding is civil in nature, for jurisdictional purposes only, they are treated as criminal. Accordingly, ABIC should have raised its petition for nullity in Criminal District Court. Therefore, we affirm the trial court judge’s granting of the State’s declinatory exception for lack of subject matter jurisdiction.

|,PROCEDURAL AND FACTUAL BACKGROUND

Between 2006 and 2007, Orleans Parish Criminal District Court issued numerous judgments of bail bond forfeitures against ABIC in favor of the State of Louisiana. In 2009, the State filed a garnishment proceeding seeking a writ of garnishment directing JP Morgan Chase to pay over to the New Orleans sheriff property belonging to the judgment debtor ABIC. Thereafter, the writ was issued and JP Morgan Chase paid over approximately $152,863.73 to the sheriff who in turn paid the same to the State.
Subsequently, ABIC filed a petition for nullity of judgments of bond forfeiture in Civil District Court. ABIC also filed a petition for injunctive relief in the garnishment proceeding seeking to enjoin the Sheriff from disbursing the money received from JP Morgan Chase to the State. The petition for injunctive relief was denied as the Sheriff had already disbursed the money. ABIC took no further action relating to the injunction.
The State filed an exception for lack of subject matter jurisdiction as to ABIC’s *856 petition for nullity. ABIC filed subsequent amended petitions for nullity. In December of 2011, ABIC filed a third amended and supplemental petition for nullity seeking to nullify both the judgments of bond forfeiture issued by Criminal District Court and the State’s garnishment petitions filed in Civil District Court. Additionally, ABIC filed an ex parte motion for abandonment pursuant to La. C.C.P. Art. 561 seeking to have the trial judge in Civil District Court declare the criminal proceedings, wherein the judgments of bond forfeiture were issued, abandoned for failure to take a step in the prosecution of the criminal proceedings in three years.
[ 3In June of 2012, the trial judge in Civil District Court conducted a hearing on the State’s exception for lack of subject matter jurisdiction. The State argued that Civil District Court does not have authority to review judgments of bond forfeiture pursuant to a petition for nullity wherein Criminal District Court issued the judgments. The State also argued that as to the garnishment proceedings to make the judgments of bond forfeiture executory, Civil District Court does have subject matter jurisdiction. The trial judge in Civil District Court rendered judgment granting the State’s exception for lack of subject matter jurisdiction and dismissing ABIC’s petitions for nullity. It is from the granting of the exception for lack of subject matter jurisdiction that the instant appeal arises.

STANDARD OF REVIEW

While “the trial court’s” factual findings on appellate review are subject to manifest error, “jurisdiction itself is a question of law subject to de novo review.” Winston v. Millaud, 05-0338 p. 5 (La.App. 4 Cir. 4/12/06), 930 So.2d 144, 149 (citing Sunrise Shipping Agency, Inc. v. Universal Maritime Servs., Ltd., 96-2703 (La.App. 4 Cir. 10/3/97), 700 So.2d 1135, 1137). On questions of law, the appellate court “gives no special weight to the findings of the district court, but exercises its constitutional duty to review questions of law and renders judgment on the record.” Id., 05-0338 at p. 5, 930 So.2d at 150. “Thus, in such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect.” Id.

SUBJECT MATTER JURISDICTION

The question here is whether in Orleans Parish the Civil District Court has jurisdiction to nullify judgments rendered by Criminal District Court. Orleans Parish is unique in that there are separate civil and criminal courts. Civil District |4Court has jurisdiction over civil issues only, and Criminal District Court has criminal jurisdiction only. See La. Const. Art. 7, §§ 81 and 83 (respectively). Notably, neither court has supervisory or appellate jurisdiction over the other. United Ben. Fire Ins. Co. of Omaha, Neb. v. Garrison, 166 So.2d 650, 651 (La.App. 4 Cir.1964).
For the purpose of determining jurisdiction, it is important to understand what relief ABIC seeks. The record before this Court demonstrates that ABIC sought to have Civil District Court nullify the judgments and proceedings of Criminal District Court.
ABIC contends that the “trial court erred as a matter of law in not entertaining the merits of [ABIC’s] nullity actions pursuant to [La. C.C.P. Art.2001 et seq.], insofar as [ABIC] alleged it was not served with process as required by law in either civil court proceedings, or criminal court civil proceedings on judgments of bond forfeiture.”
Pursuant to La.C.Cr.P. Art. 344(A), if the bail bond fixes the date of the appear- *857 anee in Criminal District Court and the defendant fails to appear, the bond can be forfeited by Criminal District Court pursuant to La. R.S. 15:85 without any further pre-forfeiture notice. See La.C.Cr.P. Art. 844(A). If the bond does not fix the date of appearance, the defendant and the surety or the agent or bondsman is entitled to notice of the date the defendant is to appear. See La.C.Cr.P. Art. 344(B). If the defendant fails to appear, the bond can be forfeited again pursuant to La. R.S. 15:85. See La. R.S. 15:85. Should the defendant fail to appear, a hearing is conducted and a judgment of bond forfeiture is rendered “decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.” See La.C.Cr.P. Art. 849(B). The judgment cannot be ^enforced by the State for 190 days after the date of mailing the notice of the signing of the judgment. La.C.Cr.P. Art. 349.7(A)(1).
Additionally, the defendant and his sureties are entitled to “assert defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture within sixty days after the date of mailing the notice of the signing of the judgment of bond forfeiture.” La. C.Cr.P. Art. 349.5(A)(1). “Nullity actions pursuant to [La. C.C.P. Art.2001 et seq.] not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.” La.C.Cr.P. Art. 349.5(A)(2).
ABIC failed to raise any objections pursuant to La.C.Cr.P. Art. 349.5(A)(1) in Criminal District Court relating to the judgments of bond forfeiture listed in its complaint. No appeals were timely taken.[1] Accordingly, the State pursued enforcement of the judgments of bond forfeiture in garnishment proceedings in Civil District Court against JP Morgan Chase Bank, a third party in possession of property belonging to ABIC. After the State filed petitions to make executory the judgments of bond forfeiture in Civil District Court, ABIC sought to nullify the judgments and the garnishment proceedings for lack of service of process.
“A judgment rendered against a party who has not been served and who has not appeared is an absolute nullity.” State v. McCreary, 91-2270 (La.App. 4th Cir. 5/27/1993), 619 So.2d 755, 759. La. C.C.P. Art.2002 states,
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
I fi(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
(citation omitted).
ABIC argues that “[djeclining to exercise subject matter jurisdiction on the nullity actions, while simultaneously maintaining subject matter jurisdiction over the civil court filings for which nullity is sought” should not stand. ABIC contends that either Criminal District Court entertains nullity actions under civil procedure *858 rules, or the Civil District Court entertains a nullity action. We find ABIC’s assessment of the procedural facts in this case misguided. ABIC claims that Civil District Court relied on La. C.C.P. Art. 2002(A)(3) in granting the State’s declina-tory exception for lack of subject matter jurisdiction; however, the record indicates that Civil District Court granted the State’s declinatory exception pursuant to La. C.C.P. Art. 925(6). Thus, ABIC’s claim that Civil District Court arbitrarily exercised subject matter jurisdiction is without merit. We, therefore, address the issue of whether Civil District Court has subject matter jurisdiction over nullity actions on judgments of bond forfeiture and garnishment proceedings separately.

Nullity of Garnishment Proceedings

In this case, ABIC filed petitions for nullity of the petitions for garnishment alleging it did not receive service of process. Actions for nullity pursuant to La. C.C.P. Art. 2002 pertain to “final judgment[s]”. See La. C.C.P. Art. 2002. A petition for garnishment, like those filed by the State, is not a final judgment. Therefore, ABIC cannot seek to nullify petitions for garnishment for vice of form under La. C.C.P. Art. 2002.
| ./Furthermore, the burden rests with ABIC, the one attacking service of process, to establish with clear and convincing evidence that the State failed to provide notice. League Cent. Credit Union v. Gagliano, 336 So.2d 931, 932 (La.App. 4th Cir.1976). ABIC has not done so in this case. La. C.C.P. Art. 2412(A)(2) provides the method of service required for garnishment proceedings as follows:
The judgment creditor shall send to the judgment debtor written notice of the filing of the garnishment petition by mail or electronic means. However, the notice provided to the judgment debtor shall have no effect on the validity of the seizure, (emphasis added).
Thus, even if the State failed to provide proper notice[2], the issue is immaterial as “notice provided to the judgment debtor shall have no effect on the validity of the seizure.” La. C.C.P. Art. 2412(A)(2). For these reasons, ABIC’s claim that service of process renders the garnishment proceeding null pursuant to La. C.C.P. Art. 2002(A)(3) lacks merit.
In addition, Civil District Court was the proper venue to make executory the judgments of bond forfeiture. La. C.C.P. 2781 provides,
A judgment rendered in a Louisiana court may be made executory in any other Louisiana court of competent jurisdiction, if its execution has not been and may not be suspended by appeal, (citation omitted) (emphasis added).
La. C.C.P. Art. 2782 states in pertinent part,
... an ex parte petition complying with Article 891, with a certified copy of the judgment annexed, praying that the judgment be made executory. The court shall immediately render and sign its judgment making the judgment of the other Louisiana court executory.
The judgment thus made executory may be executed or enforced immediately as if it has been a judgment of that court rendered in an ordinary proceeding, (citation omitted) (emphasis added).
| ¡^Consequently, Civil District Court has subject matter jurisdiction over the garnishment proceedings rendered by Criminal District Court as provided by La. *859 C.C.P. Art. 2417.[3] Therefore, we find no issue with Civil District Court’s exercise of subject matter jurisdiction as it relates to the garnishment proceedings filed by the State to make executory the judgments of bond forfeiture.

Nullity of Judgments of Bond Forfeiture

Having found that Civil District Court has subject matter jurisdiction over the garnishment proceedings, we now find that Civil District Court does not have the same subject matter jurisdiction over ABIC’s petition for nullity of the judgments of bond forfeiture rendered in Criminal District Court.
ABIC argues that Civil District Court erred because actions in nullity filed pursuant to La. C.C.P. Art.2001 et seq. are subject to ordinary civil proceedings and as a result, Civil District Court has subject matter jurisdiction.
Louisiana jurisprudence demonstrates that an action for nullity is available with respect to judgments of bond forfeiture. State v. Likens, 577 So.2d 285 (La.App. 3d Cir.1991), writ denied, 580 So.2d 386 (La.1991). Judgments can be attacked on the grounds that they are absolutely null under La. C.C.P. Art. 2002 or relatively null as provided by La. C.C.P. Art. 2004. Failure to properly serve a defendant with process as required by law is a vice of form upon which a judgment can be nullified. La. C.C.P. Art. 2002(A)(2). Bankers Ins. Co. v. State, 37,080 p. 5 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 645. Additionally, an absolute nullity action may be brought at any time. La. C.C.P. Art. 2002(B).
Likewise, a relative nullity action is not limited to cases of fraud or ill practice, but is broad enough to include situations where a judgment is rendered through some improper practice or procedure. Duckworth Properties, LLC v. Williams, 10-0244 p. 4 (La.App. 4 Cir. 11/24/10), 52 So.3d 287, 290. “An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practice.” La. C.C.P. Art. 2004(B).
With regard to jurisdiction over actions for nullity of judgments of bond forfeitures, we are guided by Louisiana jurisprudence. It is well settled that neither Civil District Court nor Criminal District Court has supervisory or appellate jurisdiction over the other. United Ben. Fire Ins. Co. of Omaha, Neb. v. Garrison, supra. See also Angelico v. Cannizzaro, 543 So.2d 1064, 1067 (La.App. 4th Cir.1989) (a judge of Civil District Court has no jurisdiction over a judge of the Criminal District Court while he is acting in his official capacity).
This Court in Maryland Nat’l Ins. Co. v. Garrison, 233 So.2d 32 (1970), held that Civil District Court has no jurisdiction over Criminal District Court to enjoin the execution of judgments of bond forfeiture. This Court stated,
... we still view as absolutely intolerable that one court having neither appel *860 late, nor supervisory jurisdiction over a second court, should attempt to interfere by an injunction against the second court with that court’s operation of what it deems, rightly or wrongly, to be its business ... If the Civil District Court can enjoin the Criminal District Court, perhaps the Criminal District Court could imprison the Civil District Judge for contempt or conspiracy.[4]
ImLikewise, in Connick v. Ward, 351 So.2d 250, 251 (La.App. 4th Cir.10/12/1977), the district attorney sought to enjoin the judges of Criminal District Court from imposing fines or forfeitures to be paid to the Appellate Process (Support) Fund. This Court found that Civil District Court may not exercise subject matter jurisdiction in an action for relative nullity against the judges of Criminal District Court; however, it did have jurisdiction as to the sheriff and the judicial administrator. Id. at 252. In determining that Civil District Court has no jurisdiction against the judges on the criminal bench, this Court stated that because “Civil District Court has no appellate jurisdiction ... [i]t therefore has no authority to review acts of the Criminal District Court.” Id.
Similarly, the merits of the present matter demonstrate that ABIC attempts to have Civil District Court review under a petition for nullity acts of Criminal District Court, namely the judgments of bond forfeiture. This Court in Connick v. Ward, made clear that Civil District Court has no authority to review the acts of Criminal District Court.
Our consideration of the merits of this case also includes a review of La. C.C.P. Art. 2006 which provides in pertinent part,
An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court.
La. C.C.P. Art. 2006 states that an action to annul a judgment must be brought in the trial court. Louisiana jurisprudence demonstrates that courts have made a distinction between actions for absolute nullity and relative nullity. Relative nullity actions pursuant to La. C.C.P. Art. 2004 must be brought in the court that rendered the judgment. Succession of Schulz, 622 So.2d 693, 695 (La.App. 4th Cir.5/27/93). In this case, because Criminal District Court rendered the judgments of bond forfeiture, an action for relative nullity must be addressed by the rendering court.
Conversely, absolute nullity actions pursuant to La. C.C.P. Art. 2002 may be brought in any court at any time making it not necessary to bring the action in the court which rendered the judgment. See La. C.C.P. Art. 2006. See also Dawson v. Gosserand, 552 So.2d 1380 (La.App. 5 Cir. 11/15/89). Thus, jurisprudence would suggest that ABIC’s action to annul based on vice of form may be brought in Civil District Court despite Criminal District Court rendering the judgments of bond forfeiture.
If we end our analysis at this stage, Louisiana jurisprudence would indicate that for the purpose of subject matter jurisdiction, ABIC may bring an action for *861 absolute nullity in Civil District Court. However, we find that a determination of subject matter jurisdiction based on the type of nullity action ABIC files, wholly ignores the substance of the petitions and the relief ABIC seeks. In the present matter, it is evident that ABIC seeks to annul the judgments of bond forfeiture rendered in Criminal District Court in an effort to cure its failure to challenge the issue earlier in the criminal proceedings under La.C.Cr.P. Art. B49.5.
In considering Louisiana statutory law and jurisprudence in globo, we are guided by the underlying principle that neither Civil District Court nor Criminal District Court has supervisory or appellate jurisdiction over the other. United, supra at 651. Because ABIC attempts to have Civil District Court review the judgments of bond forfeiture issued by Criminal District Court, we find that Civil District Court has no supervisory or appellate jurisdiction; and therefore, it has no authority to review acts of the Criminal District Court. ABIC’s remedy was to | iaseek relief on any issues involving vice of form and substance in Criminal District Court, and in the instance of an adverse judgment, to apply for relief with this Court. United, supra at 652.
In light of the above, we pretermit discussion of ABIC’s abandonment claim as a result of this Court’s finding of no subject matter jurisdiction.

DECREE

For these reasons, we find that the trial judge in Civil District Court properly rejected subject matter jurisdiction of ABIC’s petitions for nullity of the judgments of bond forfeiture. Accordingly, we affirm the trial judge in Civil District Court’s granting of the State’s declinatory exception for lack of subject matter jurisdiction.
AFFIRMED.
BELSOME, J., concurs in the result with reasons.

. ABIC filed appeals from the Criminal District Court's judgments of bond forfeitures in other cases; however, those cases were dismissed for ABIC’s failure to file timely appeal briefs.

. Attached to ABIC’s third amended petition is a copy of the State's notification of the garnishment proceedings evidencing that the State provided notice pursuant to La. C.C.P. Art. 2412(A)(2).

. La. C.C.P. Art. 2417 states,
The procedure in garnishment proceedings under the writ of fieri facias in a court other than that which rendered the judgment shall be the same as if the garnishment were in the court where the judgment was rendered, except:
(1) The judgment must be made executory in the court where the garnishment proceedings are filed, as provided in Article 2782; and
(2) The writ of fieri facias directed to the sheriff, constable, or marshal of the court where the garnishment proceedings are filed may be issued either by the court which rendered the judgment or by the court which made the judgment executory.

. ABIC avers that Maryland is "often mis-cited as to the holding and rationale ... where an improper injunction was clearly distinguished from a proper action in nullity.” We find that the language ABIC directs this Court to is dicta and at odds with jurisprudence on the issue of subject matter jurisdiction between the two district courts as is further discussed in this opinion. Therefore, we find such language not binding on the present matter.